### DE JORDAN v. HUDSPETH, Warden.
### No. 2759.

Circuit Court of Appeals, Tenth Circuit.

Aug. 27, 1943.

944

John E. Fitzpatrick, of Denver, Colo., for appellant.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan., for appellee.

Before HUXMAN and MURRAH, Circuit Judges, and SAVAGE, District Judge.

MURRAH, Circuit Judge.

This is a motion to dismiss the appeal.

Appellant filed his petition for a writ of habeas corpus in the United States District Court for the District of Kansas on October 22, 1941, seeking to be released from the service of a life sentence for murder. The petition for the writ was heard November 29, 1941, and denied June 29, 1942.[1]

The appellant did not appeal from the order of the court denying the petition for the writ, but approximately eight months later, and on March 8, 1943, filed a motion for rehearing alleging (1) that at no time during the hearing was he advised of his constitutional right to the assistance of counsel and (2) new and vital evidence which was not available to him during the habeas corpus proceedings. On March 17, 1943, the court denied the motion for rehearing on the grounds that it was "filed long out of time" and was without merit. Appellant appeals from this order.

By not appealing from the order of the court denying the petition for the writ within the three months period granted by 28 U.S.C.A. § 230, or tolling such statutory period by filing a timely motion for new trial as provided by Rule 59(b) Rules of Civil Procedure,[2] the appellant has lost his right to appeal from the order of June 29, 1942, denying the petition for the writ. Leishman v. Associated Wholesale Electric Company, 318 U.S. 203, 63 S.Ct. 543, 87 L.Ed. ——; Conboy v. First National Bank, 203 U.S. 141, 27 S.Ct. 50, 51 L.Ed. 128; Northwestern Public Service Company v. Pfeifer, 8 Cir., 36 F.2d 5, and Chicago,

M. & St. P. Ry. Co. v. Leverentz, 8 Cir., 19 F.2d 915. Cf. Suggs v. Mutual Benefit Health & Accident Association, 10 Cir., 115 F.2d 80. Moreover, appellant has not appealed, or attempted to appeal, from the order dismissing the writ, but rather the appeal is from the order of the court denying the motion for rehearing, which is not an appealable order. 2 Amer. Jur. Appeal and Error, Section 102; Moore's Federal Practice Vol. 3, rule 59:03, page 3251-3252; Buffington v. Harvey, 95 U.S. 99, 100, 24 L.Ed. 381; Roemer v. Bernheim, 132 U.S. 103, 10 S.Ct. 12, 33 L.Ed. 277; Wayne Gas Company v. Owens Co., 300 U.S. 131, 137, 57 S.Ct. 382, 81 L.Ed. 557; Campbell v. American Foreign S. S. Corp., 2 Cir., 116 F.2d 926, 928; Marshall's U. S. Auto Supply v. Cashman, 10 Cir., 111 F.2d 140, and San Pedro & Company v. United States, 146 U.S. 120, 13 S.Ct. 94, 36 L.Ed. 911.

The appeal should be dismissed.

---

[1] The record reveals that appellant was given seven months after the hearing on the writ and before the order denying the same, to obtain the information he now seeks to offer as newly discovered evidence.

[2] Rule 59(b) (28 U.S.C.A. following section 723 c) "A motion for a new trial shall be served not later than 10 days after the entry of the judgment, except that a motion for a new trial on the ground of newly discovered evidence may be made after the expiration of such period and before the expiration of the time for appeal, with leave of court obtained on notice and hearing and on a showing of due diligence".