Charles **CHAPMAN**, Petitioner,

v.

Warden **H. O. TEETS** of San Quentin, et al., Respondents.

**Misc. No. 610.**

United States Court of Appeals
Ninth Circuit.

Jan. 23, 1957.

Charles Chapman, in pro. per.

No appearances for respondents.

Before STEPHENS, POPE and HAMLEY, Circuit Judges.

PER CURIAM.

On or prior to September 13, 1956, the petitioner presented to the United States District Court for the Northern District of California, Southern Division, his petition for writ of habeas corpus. On September 13, 1956, an order was made by that court rejecting the petition and denying leave to file the same. This order was based upon the failure of the petitioner either to tender the required filing fee or to file an affidavit stating that he was unable to pay the fee. See 28 U.S.C.A. § 1915. The order also recited that the court declined to award the writ or issue an order to show cause for the reason that; in the language of § 2243, Title 28, " * * * it appears from the application that the applicant or person detained is not entitled thereto." As the district court pointed out in its order, the petition for the writ tendered for filing failed to allege that the petitioner had exhausted his state remedies by application to the

state courts as required by § 2254, and it failed to state any facts showing a denial of any right of the petitioner under the federal constitution, since the only ground of complaint alleged was that petitioner had been prosecuted in the state court upon an information rather than upon the indictment of a grand jury.

Without taking any other proceedings or filing any formal notice of appeal, the petitioner then on January 9, 1957, presented to the Clerk of this court, for filing, what he called "A Petition and Order For a Writ of Habeas Corpus" and an affidavit stating that he was without funds or property, and seeking leave to proceed in forma pauperis. It is difficult to ascertain from this document presented for filing whether petitioner is really attempting to apply to this court for a writ of habeas corpus.

■ The court, as such, is not under § 2241 of Title 28 granted the power to entertain such a petition, although individual circuit judges are. A reading of the petition presented would seem to indicate that the petitioner is actually attempting to appeal from the order of the district court for in paragraph V he alleges that he has exhausted his remedy in the state courts where his petition for writ of habeas corpus was denied, so he says, on September 13, 1956, in the California State Supreme Court. He then alleges "and in the Ninth Federal District Court on Habeas Corpus, denied petition on order No. 434. Thus your petitioner is entitled to review by this honorable court." The order of the district court above referred to bears the number 434. The sentence last quoted indicates that petitioner is now seeking a review of that order in this court, and hence the document represents an attempted appeal.

■ Precedents may be found for treating papers informally drawn or in-

accurately characterized as sufficient to effect an appeal.[1] However, this court cannot entertain the so-called "petition" as an appeal for two reasons: in the first place, considered as an attempted appeal, it was not taken or entertained until long after the time for appeal expired. In the second place, under § 2253, Title 28, such an appeal cannot be taken without a certificate of probable cause. No such certificate has been made by the district judge and the order of the Judge above referred to is in itself a statement of the reasons why such a certificate cannot be granted.

■ None of the judges of this court, participating in the consideration of this order, would grant a certificate of probable cause as it is apparent to the court and to the individual members thereof that a certificate of probable cause cannot with propriety be issued here for the reason that the petition in the district court, as well as the papers here presented are based upon the untenable position that the federal Constitution requires the prosecution of felonies in the state courts upon grand jury indictments. Eilinbecker v. District Court of Plymouth County, 134 U.S. 31, 10 S.Ct. 424, 33 L.Ed. 801; Hurtado v. People of State of California, 110 U.S. 516, 4 S.Ct. 111, 292, 28 L.Ed. 232.

■ Since we have nothing before us which we may entertain as an appeal, we next proceed to inquire whether the document presented should be accepted as what it purports to be, namely, a petition for a writ of habeas corpus addressed to one or more of the circuit judges now presiding. Since it sufficiently appears that the legality of the petitioner's detention has been determined by the district court, as above stated, on a prior application for writ of habeas corpus which the district court properly rejected; and since we, and

---

1. Cf. Jordan v. United States, 98 U.S. App.D.C. 160, 233 F.2d 362, 365 (petition for mandamus treated as the equivalent of taking of an appeal). The case was reversed on other grounds, 352 U.S. 904, 77 S.Ct. 151, 1 L.Ed.2d 114. Also see Gerringer v. United States, 93 U.S.App. D.C. 403, 213 F.2d 346, 349.

**188**

each of us are satisfied that the ends of justice will not be served by further inquiry into the matters presented by this petition;

Now therefore, this Court, and the individual Circuit Judges composing the same, and each of them refuse to entertain the petition here presented as an application for a writ of habeas corpus as we are authorized to do by § 2244 of Title 28.

Accordingly, It is ordered that the Clerk of this Court be, and he is hereby directed not to file or otherwise act upon the petition so received by him as aforesaid.