Herman **HAYMAN**, Petitioner,

v.

**UNITED STATES** of America, Respondent.

Misc. No. 616.

United States Court of Appeals Ninth Circuit.

Feb. 8, 1957.

Herman Hayman, in pro. per.

Before POPE and FEE, Circuit Judges, and EAST, District Judge.

POPE, Circuit Judge.

Hayman has filed here what he denominates "A Petition For Writ of Certiorari", reciting that he seeks to review an order dismissing his application for a writ of habeas corpus in the United States District Court for the Western District of Washington, Southern Division, which he outlines in his petition. It is apparent that petitioner is a layman and that he has little conception of the office of a writ of certiorari or of the limitations upon the power of this court to issue this or any other writ under the "All Writs" statute. The action of the district court was not outside of its jurisdiction and hence ancient rules relating to certiorari would make it wholly inappropriate here. Since a denial of a petition for habeas corpus is an appealable order, no extraordinary writ can be justified here as an aid to this court's jurisdiction. We find it unnecessary to determine whether we might consider the petition as the equivalent of the taking of an appeal [1] for an examination of the application discloses that it fails to state facts sufficient to warrant the granting of the relief which petitioner prays for.

The petition states that on June 8, 1956, Hayman made application to the court below for a writ of habeas corpus and filed an amended application on July 28, 1956, whereupon the court issued an order to show cause and fixed a day for hearing the application and the return. Thereafter, on August 24, 1956, according to the petition, the district court discharged the order to show cause, denied the petition for the writ of habeas corpus, and dismissed the proceeding without a hearing. He then filed a pauper's affidavit in the district court and made application for leave to appeal in forma pauperis. The district court issued its certificate "that the proposed appeal was not made in good faith", and petitioner's application for leave to appeal in forma pauperis was denied. Petitioner says that his petition for writ of certiorari is brought in an effort "to obtain a review

1. Cf. Jordan v. United States District Court, 98 U.S.App.D.C. 160, 233 F.2d 362, 365, (petition for mandamus treated as the equivalent of taking of an appeal). The case was reversed on other grounds, 352 U.S. 904, 77 S.Ct. 151, 1 L.Ed.2d 114. Also see Gerringer v. United States, 93 U.S.App.D.C. 403, 213 F.2d 346, 349.

of the district court's action in denying and dismissing petitioner's habeas corpus application." To the petition he attaches an affidavit disclosing that he is a citizen of the United States, and is without sufficient funds to pay court costs. He appends a prayer asking that the court order the records of the district court brought up for consideration in this court without payment by petitioner of the costs of court, and that the court appoint an attorney to assist him in the presentation of his case here. Essentially his application appears to be that he be permitted to prosecute an appeal in forma pauperis as provided in Title 28 U.S.C.A. § 1915.

■■■ The second paragraph of that section provides that "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." It may be assumed that notwithstanding the fact that the district court has made such a certificate, yet in appropriate cases this court might permit an appeal to be taken in forma pauperis where it is made to appear that the district court's certificate was executed "without warrant". See Wells v. United States, 318 U.S. 257, 259, 63 S.Ct. 582, 87 L.Ed. 746; Higgins v. Binns, 9 Cir., 204 F.2d 327. No such showing is made by Hayman's application. On the other hand, the facts show that petitioner's application in the district court was wholly without merit and that an appeal here would be entirely frivolous. The principal basis for petitioner's application for habeas corpus was his assertion that the sentence under which he was imprisoned at McNeil Island in the Western District of Washington, has expired. Since his claim of a right to be released

from that prison is not based upon any of the grounds mentioned in the first paragraph of § 2255 of Title 28,[2] we assume that his claim that his term has been completed would be one appropriately presented by petition for writ of habeas corpus. Hayman, like Wells in Wells v. United States, supra, has had a very long record of applications not only for writs of habeas corpus but also for relief under § 2255 in a succession of efforts to procure release from custody under the sentence which he is serving.[3] As the court remarked in Wells v. United States, supra, these were proceedings of which the court below could take judicial notice. But wholly apart from what appears in those other proceedings, the petition which is presented here shows that petitioner's claim that he has finished the service of his sentence is a groundless one.

Petitioner was convicted upon all counts of a six count indictment. Sentence was imposed upon him first by judgment dated January 20, 1947. By this judgment he was fined $2000 and ordered imprisoned for a period of ten years upon each of the first five counts. Upon the sixth count he was fined $10,000 with the provision that payment of said sum would satisfy the fines on all counts. The judgment recited:

"It is further ordered and adjudged that the ten-year periods of imprisonment imposed under Count One and Count Two of the indictment shall run Consecutively, and that the ten-year periods of imprisonment imposed under Counts Three, Four and Five of the indictment shall all commence and run concurrently with the ten-year period of

2. "§ 2255 * * * A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

3. See Hayman v. United States, 9 Cir., 187 F.2d 456, 458; United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Hayman v. United States, 9 Cir., 205 F.2d 89. The papers presented here disclose that there were additional similar proceedings not reported.

imprisonment imposed under Count Two of the indictment, so that the total period of imprisonment shall be twenty years."

Subsequently, on the 18th day of February, 1947, and within the time allowed by Rule 35, Rules Criminal Procedure, 18 U.S.C.A., for reduction of a sentence, the court entered a second judgment, corrected pursuant to Rule 35, which reduced the fines on the Second, Third, Fourth and Fifth counts to $1,000 each. The judgment, however, again imposed imprisonment for a period of ten years upon each of the first five counts and it restated, in the same language quoted above, the provision that the ten year periods of imprisonment imposed under Count One and Count Two should run consecutively, concluding, " * * * so that the total period of imprisonment shall be twenty years". The corrected sentence then concluded with the following paragraph:

"It is further ordered that this corrected sentence shall supersede the sentence imposed January 20, 1947; that this judgment shall be entered nunc pro tunc as of January 20, 1947; and that all sentences herein imposed shall commence and run from January 20, 1947."

Petitioner has based his claim that he has completed service of his sentence upon the last clause of the paragraph just quoted. He asserts that this had the effect of making all his sentences concurrent and that when awarded his good conduct allowances he will have served a ten year sentence.

█ It is plain that the trial judge was right in regarding this as a frivolous claim; the provision of the corrected sentence is as clear as it could be that the two ten year terms should be served consecutively "so that the total period of imprisonment shall be twenty years." The final clause in the concluding paragraph of the corrected sentence in no manner alters that. It operates to do nothing more than to indicate that the corrected judgment should read as though the sentence had been imposed on January 20, 1947. It is therefore plain that the trial judge's certificate that an appeal upon this point cannot be taken in good faith was entirely proper and there is no foundation for asserting that the certificate was without warrant.

Petitioner attempted to include in his application for a writ of habeas corpus a further contention that the first two counts of the indictment charged but one offense. His position appears to be that ordering the sentences on these two counts to run consecutively subjects him to double jeopardy or to double punishment for a single offense.

Count One charged petitioner with impersonating one Samuel T. Thompson and under color of such false impersonation receiving money due Thompson from the Government of the United States, such money evidenced by a check for $100 issued by the United States Treasury. This count was laid under Title 18 U.S. C.A. § 78 (1927 Annotated Edition).*

Count Two charged him with forging and falsely procuring the endorsement of the check referred to in Count One. This count was laid under § 73 of the same Title.**

█ This further claim of double jeopardy is one, which, if good, must be raised by petition under § 2255 of Title 28 for it is a claim that "the sentence was imposed in violation of the Constitution or laws of the United States". The records in this court show that he did indeed make this same contention in one of his earlier petitions under § 2255; and upon review in this court two of the three judges who wrote opinions agreed that this contention was without validity and groundless. See Hayman v. United States, 187 F.2d 456, at pages 457, 469. (At the latter page § 73 is incorrectly printed as § 63). Although this court's final decision in that case was reversed in United States v. Hayman, supra, the

---

* 1948 Revision, 18 U.S.C.A. § 914.

** 1948 Revision, 18 U.S.C.A. § 495.

reversal was on other grounds, and the determination just indicated was not disturbed.

As there is a complete failure to disclose any ground for questioning the trial court's certificate that the appeal is not taken in good faith, the application for leave to appeal in forma pauperis must be and is denied.