**Matter of the Application of Robert CAMERON for an Alternative Writ of Mandamus.**

**Misc. No. 668.**

United States Court of Appeals Ninth Circuit.

Aug. 6, 1957.

Robert Cameron, in pro per.

No appearance otherwise.

Before STEPHENS, Chief Judge, and POPE and HAMLEY, Circuit Judges.

Prior to June 19, 1957, Robert Cameron, a prisoner in the Oregon State Penitentiary, under sentence of an Oregon court, addressed and presented to this court a petition for a writ of habeas corpus directed to Clarence T. Gladden, Warden of said Penitentiary. As this court, as such, is not authorized to grant writs of habeas corpus, (Title 28 U.S. C.A., § 2241(a)), a division of this court noted on June 19, 1957 the court's lack of power to entertain the petition. As each individual Circuit Judge in that division declined to entertain the application for a writ of habeas corpus, as permitted by Title 28, § 2241(b), the application for the writ was ordered transferred to the District Court of Oregon. The said Robert Cameron, as petitioner, has now presented, for filing or action, a so-called "Petition for an alternative writ of mandamus", in which he alleges that following the transfer of his formal application to the District Court for the District of Oregon, and on the 21st day of June, 1957, the Honorable Claude McColloch, a Judge of that court, made an order reciting that the petitioner's application was "denied for want of jurisdiction." The present petition for a writ of mandamus seeks an order or judgment of this court requiring the said District Judge to entertain and dispose of the petition for the writ of habeas corpus upon the merits. The present petition, although addressed to one member of the court only, is by us treated as presented to the court as such.

■■ The order set forth in the petition for writ of mandamus to the effect that application for the writ of habeas corpus was denied for want of jurisdiction, is a final order and appealable as such. If the district court or judge thereof erred in making that order, that error may be corrected upon appeal. See Simpson v. Teets, 353 U.S. 926, 77 S. Ct. 720, 1 L.Ed.2d 722. Because the petitioner appears to be a layman not represented by counsel who has heretofore been able to make showing entitling him to proceed in forma pauperis, we might properly disregard the informality and treat the petition for mandamus as the equivalent of taking an appeal, as was done in Jordan v. United States District Court, 98 U.S.App.D.C. 160, 233 F.2d 362, 365.[1]

The difficulty here, however, is that the petition for mandamus which we thus might possibly treat as the equivalent of an appeal, was not filed or presented within the 30 days required for

---

[1] The Jordan case was cited by this court in State of Oregon v. Gladden, 9 Cir., 240 F.2d 910, 911; Chapman v. Teets, 9 Cir., 241 F.2d 186, 187; Hayman v. United States, 9 Cir., 241 F.2d 188. What adds interest to the Jordan case is that the Court of Appeals, although holding that it had obtained jurisdiction of an appeal through the filing of a petition for mandamus, which it treated as the equivalent of an appeal, granted the petitioner-appellant only partial relief, yet, upon petition for certiorari the Supreme Court not only granted certiorari but ordered the cause remanded to the district court for consideration on the merits, thus upholding Jordan's appeal in its entirety. 352 U.S. 904, 77 S.Ct. 151, 1 L.Ed.2d 114.

the taking of an appeal by Rule 73 of the Rules of Civil Procedure, 28 U.S.C.A. The petition is dated and signed and verified on July 26, 1957. It reached the hands of the Judge to whom it was addressed on August 2, 1957. Since the final appealable order, above referred to, according to the petition was made on June 21, 1957, it is plain that we cannot because of that lapse of time take the action suggested in the Jordan case. Accordingly,

It is ordered that leave to file the said petition for an alternative writ of mandamus is denied.