**Dupree POE, Appellant,**

v.

**Clarence T. GLADDEN, Warden of the Oregon State Pententiary, Salem, Oregon, Appellee.**

No. 16830.

United States Court of Appeals
Ninth Circuit.

Jan. 25, 1961.

Rehearing Denied March 6, 1961.

Quentin L. Kopp, San Francisco, Cal., for appellant.

Dupree Poe, in pro. per.

Robert Y. Thornton, Atty. Gen., of Oregon, Robert G. Danielson, Asst. Atty. Gen., of Oregon, for appellee.

Before POPE and HAMLEY, Circuit Judges, and JAMESON, District Judge.

HAMLEY, Circuit Judge.

In this habeas corpus proceeding the applicant, Dupree Poe, serving a life term in Oregon State Penitentiary, appeals from an adverse district court order. A certificate of probable cause was granted by a judge of this court, after which the district court granted Poe leave to appeal in forma pauperis. After Poe had filed his opening and reply briefs the chief judge of this court appointed counsel to represent Poe at the oral argument. Re-

spondent filed an answering brief but was not represented at the oral argument.

In the briefs and at the hearing in this court the appeal was argued on the merits, no jurisdictional problem being suggested. Our examination of the record, however, made after the case was taken under submission has revealed flaws in the perfecting of the appeal which require us on our own motion to dismiss the appeal on jurisdictional grounds.

Poe's original application for a writ of habeas corpus was denied by the district court on April 24, 1958. No appeal was taken therefrom. On June 4, 1958, Poe filed another application for a writ of habeas corpus and also a supplemental application. The district court denied the supplemental application by order entered on June 4, 1958. No appeal was taken from this order.

On June 18, 1958, Poe filed in the district court a "petition for rehearing" on the matters dealt with in his supplemental application of June 4, 1958. On July 21, 1958, he filed a motion to consolidate in one proceeding his application and supplemental application of June 4, 1958. This indicates that it was Poe's understanding that the order of June 4, 1958, did not dispose of the application of that date but only the supplemental application.

On October 6, 1958, Poe filed a motion to withdraw certain papers not here relevant. On January 27, 1959, he filed a motion to obtain a change of district judges. On the same day he filed two additional motions to obtain immediate action on what he called his "amended petition." By this he must have meant his application or supplemental application of June 4, 1958, or his petition for rehearing of June 18, 1958, or all three.

The motion to obtain a change of district court judges was in effect granted, since the petition for rehearing and the other procedural motions described above were assigned to another judge of the district court of Oregon for disposition. The petition and all such motions were denied by order entered on September 28, 1959. It is from this order that Poe seeks to appeal.

■ A district court order denying a petition for rehearing is not appealable. De Jordan v. Hudspeth, 10 Cir., 137 F.2d 943. This is likewise true with regard to procedural motions of the kind which were dealt with in the order of September 28, 1959.

■ There is also another reason why the order of September 28, 1959, is not appealable. Under 28 U.S.C.A. § 1291, which is the appeals statute invoked here, only "final" decisions may be appealed. A decision "is final for the purpose of appeal only 'when it terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce by execution what has been determined.' * * *" Parr v. United States, 351 U.S. 513, 518, 76 S.Ct. 912, 916, 100 L.Ed. 1377.

The order of September 28, 1959, here sought to be reviewed did not terminate the habeas corpus proceeding. There is still pending before the district court the application which was filed on June 4, 1958, at the same time that Poe filed the supplemental application which was denied. The district court may have intended to dispose of both applications in the order of that date. But the order does not so state, and it was not so understood by Poe.

■■ Even if the order of September 28, 1959, is appealable, however, the appeal here attempted was not timely. Under rules 73(a) and 81(a) (2), Federal Rules of Civil Procedure, 28 U.S.C.A., an appeal must be taken within thirty days from the entry of judgment in a habeas corpus proceeding. Application of Cameron, 9 Cir., 247 F.2d 775. The notice of appeal herein was filed on December 4, 1959, which was the sixty-seventh day after entry of the order of September 28, 1959. While the previously filed application for a certificate of probable cause could be regarded as a notice of appeal, it was not filed until November 2, 1959. This was the thirty-fifth day after entry of the order of September 28, 1959.

■ The appeal is not saved by the fact that a certificate of probable cause has been issued herein. It is true that the certificate would not have been issued if the jurisdictional defects discussed above had come to light when that application was under consideration. But the prime purpose of such a certificate is not to pass upon jurisdiction but to evidence the opinion of a judge that an issue is presented which is not plainly frivolous. See Anderson v. Heinze, 9 Cir., 258 F.2d 479, 482. Such a certificate is not an adjudication as to jurisdiction nor, as a matter of fact, as to anything else. See Egan v. Teets, 9 Cir., 251 F.2d 571, 575. The certificate of probable cause herein was improvidently entered.

The appeal is dismissed.

### On Petition for Rehearing

PER CURIAM.

In his petition for rehearing appellant takes exception to the statement in the opinion that references in petitioner's motions of January 27, 1959, to his "amended petition" must have been intended as references to the petition or supplemental application of June 4, 1958, or the petition for rehearing of June 18, 1958, or all three. Poe alleges that he meant what he said in referring to an "amended petition," asserting that on November 25, 1958, he "submitted" for filing in the district court an "Amended Petition for a Writ of Habeas Corpus."

The transcript of record contains no such amended petition, and the district court civil docket filed as a part of the transcript does not show that such a document was ever filed. Whoever may be to blame for the failure to obtain the filing of the amended petition, the fact remains that it was not filed and the order of September 28, 1959, referred to in our opinion did not deal with it.

In the petition for rehearing Poe also challenges our ruling that the notice of appeal from the order of September 28, 1959, filed on December 4, 1959, was not timely. He alleges that since the order of September 28, 1959, did not expressly state that the "amended petition" had been denied, he wrote to the court to inquire as to this. He further alleges that he received a reply dated October 16, 1959, from the clerk of the district court, advising that the order of September 28, 1959, "denied *all* pending petitions, motions and other requests."

This letter, Poe argues in effect, was presumably issued with the authority and on direction of the judge and therefore operated as an enlargement or perfection of the order of September 28, 1959.

Poe further argues that his application for a certificate of probable cause should be regarded as a notice of appeal. Since that application was filed on November 2, 1959, it was filed within thirty days of the date of the clerk's letter of October 16, 1959.

By this process of reasoning Poe asks us to hold that his appeal was timely. He, of course, is referring to an appeal from an order presumably denying his so-called "amended petition" which, he tells us, was intended to nullify his petition of June 4, 1958. As stated above, there is no amended petition on file, and, save for the effect to be given to the alleged clerk's letter of October 16, 1959, the petition of June 4, 1959, although intended to be nullified by Poe, is still pending in the district court.

■ This court is extremely liberal in accepting as sufficient for the purposes of a notice of appeal informally drawn and improperly labeled documents. See Yanow v. Weyerhaeuser Steamship Co., 9 Cir., 274 F.2d 274, 282. Hence the application for a certificate of probable cause filed on November 2, 1959, may be regarded as sufficient for that purpose.

But even this document is not timely unless the date of the order is determined to be not September 28, 1959, when it was filed, but October 16, 1959, when the clerk wrote a letter, not in the record before us, explaining to Poe the scope of the order. And if timely on this basis the appeal would still be to no avail unless we also accepted the clerk's letter as a modification of the judgment. Only

in this way could it be established contrary to our previous ruling that the order of September 28, 1959, denied the petition of June 4, 1958. Unless there was such a denial there would be nothing to review, and, ironically, the denial of the petition of June 4, 1958, is not what Poe wants to review anyway.

The alternative to giving the clerk's letter this unprecedented effect is, as we have previously ruled, to leave pending before the district court Poe's petition of June 4, 1958. Thus dismissal of this appeal operates only to refer Poe back to the district court. There Poe may file his "amended petition" and proceed on the pleadings on which he intended to place reliance.

This alternative course being available, and without deciding whether a letter of a court clerk could ever be given the effect of modifying a court order and extending the time for filing an appeal, we decline to give the clerk's letter in this case such effect.

The petition for rehearing is denied