BELLAM *v.* STATE

[No. 175, September Term, 1963.]

*Decided January 27, 1964.*

*Motion for rehearing filed in proper person February 7, 1964, denied February 10, 1964.*

The cause was argued before HENDERSON, HAMMOND, PRES-COTT, MARBURY and SYBERT, JJ.

*Thomas J. Curley* for the appellant.

*Stuart H. Rome, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Marvin H. Ander-son* and *Julian B. Stevens, Jr., State's Attorney* and *Deputy State's Attorney,* respectively, *for Anne Arundel County,* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

The appellant was convicted by the court without a jury under indictments in seven distinct cases of breaking and entering, with intent to commit a felony in six cases and of breaking and entering with intent to commit a misdemeanor in the seventh. These appeals are from three of the convictions, in which the sentences were six years each to run consecutively, thus imposing a total sentence of eighteen years.

The first question raised concerns the legality of the search of the appellant's home and the seizure therein of certain tools offered in evidence. The facts are virtually undisputed. The seven crimes under investigation were committed between November 27 and December 27, 1960. Shortly after the latter date Bellam, who had been under the probationary supervision of a probation officer, Mr. Siegert, fled the State leaving his wife and children behind. Mr. Siegert went to see Mrs. Bellam and told her the police had information that the tools used in some

of the burglaries were located in her house, and asked her permission to make a search. She at once agreed. She said she had no knowledge of any tools being in the house, but she had no objection to "the place being looked over relative to this." Armed with this prior consent but without a search warrant, Mr. Siegert, accompanied by the police officers, went to the home during daylight hours on February 8, 1961. He introduced the officers to Mrs. Bellam, and she asked them in. Much to her surprise the police located a cache of tools hidden beneath the third tread of the stairway leading to the second floor.

The appellant objected to the admission of these tools in evidence. There was not only testimony that these tools would have been suitable for burglary and safe-cracking, but also that dust found on them was characteristic of firebrick safe material found at the scene of several of the burglaries. On taking the stand, the appellant denied that he owned the tools, or that he had any knowledge of the existence of the compartment under the stairs in which they were found.

We think the search was not unreasonable. We find nothing in the record to support the contention that Mrs. Bellam's consent was coerced. Mr. Siegert's testimony, and that of the other officers, was not contradicted in any way. The cases of *Amos v. United States*, 255 U. S. 313 and *Johnson v. United States*, 333 U. S. 10, are distinguishable on the facts. The mere fact that it might have been possible to obtain a search warrant is not controlling. *United States v. Rabinowitz*, 339 U. S. 56, 66. While *Rabinowitz* has been distinguished in later cases it has not been overruled. See *Chapman v. U. S.*, 365 U. S. 610 (particularly Justice Frankfurter's concurring opinion at 618-19), and *Wong Sun v. U. S.*, 371 U. S. 471, 480. We have said that the mere fact that the request is made by officers is not enough to resolve the issue as to whether consent was freely given. *Gault v. State*, 231 Md. 78, 81; *Armwood v. State*, 229 Md. 565, 569. As the joint occupant of the premises, even if the husband had not abandoned them (cf. *Buettner v. State*, 233 Md. 235), Mrs. Bellam was entitled to give consent and to bind her co-occupant in so doing.

The point has not been extensively discussed in the Maryland cases. In *Franklin v. State*, 208 Md. 628, 633, Judge

Hammond, for the Court, held that an invitation to enter the hallway of an apartment dwelling, extended by a sixteen year old girl whose parents, the owners, were not at home, was enough to rebut the claim that the officers were trespassers. A case directly in point is *Stein v. United States,* 166 F. 2d 851 (C.A. 9th), *cert. den.,* 334 U. S. 844. Cf. *United States v. Sferas,* 210 F. 2d 69, 75 (C.A. 7th), *cert. den.,* 347 U. S. 935, *Morris v. Commonwealth,* 208 S. W. 2d 58 (Ky.) and *United States v. Eldridge,* 302 F. 2d 463 (C.A. 4th). See also *People v. Carter,* 312 P. 2d 665, 670 (Cal.). The cases are not wholly in accord as to the extent of a wife's authority to authorize a search of joint premises in the absence of her husband. See *State v. Evans,* 372 P. 2d 365 (Hawaii), and Annotation, 31 A.L.R. 2nd 1078. The better reasoned cases point out that authority stems from the joint ownership, rather than from an implication of agency to act for the other. Some cases permit a search of those portions of the dwelling used in common, but not a search of the bedroom or personal effects of a spouse. On the facts of the instant case we think a right to give consent is supported by the weight of authority.

The second point raised on appeal relates to the imposition of sentence. In case No. 5574 the sentence was for six years in the Maryland Penitentiary beginning as of February 13, 1963. In No. 5575 the court likewise imposed a six year sentence and stated: "This sentence is to begin as of 13 February 1963 and is to run consecutive to the sentence in #5574 Criminals." In No. 6724 the court imposed a six year sentence and stated: "This sentence is to begin as of 13 February 1963 and is to run consecutive to the sentences in #5575 Criminals, #5574 Criminals." The remaining sentences were concurrent. The appellant contends that the legal effect of naming the date when the sentences were to begin was to make them all concurrent and not consecutive. On the following day the court of its own motion brought the appellant back "not to change the sentence, but to explain the sentence that was imposed to you."

Rule 764 b empowers a trial court to "modify or reduce" a sentence within 90 days of its imposition. The appellant contends that the rule does not authorize an increase in sentence, citing *Czaplinski v. Warden,* 196 Md. 654, 658, because of the

rule against double jeopardy. If we assume, without deciding, that this is true, the case is not altered. The sentences must be construed as a whole to determine the court's intention. We think the court's intention was made sufficiently clear in the initial stage. See *Commonwealth v. Myers,* 154 A. 2d 297, 298 (Super. Ct. Pa.), *Fredericks v. Snook,* 8 F. 2d 966, 967 (C.A. 5th); *Hayman v. United States,* 241 F. 2d 188 (C.A. 9th). The reference to the beginning date, coupled with the reference to the other case or cases, was not so inconsistent with the use of the word "consecutive" as to be irreconcilable. The cases cited are almost directly in point. Moreover, it has been held that mere ambiguity can be resolved by prompt action on the part of the sentencing court. See *Aga v. United States,* 312 F. 2d 637 (C.A. 8th) and *Scarponi v. United States,* 313 F. 2d 950 (C.A. 10th). Cf. *Kennedy v. Reid,* 249 F. 2d 492 (D. C. Cir.).

We find no merit in the additional questions sought to be raised by the appellant.

*Judgments affirmed.*