Herman HAYMAN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 18848.

United States Court of Appeals
Ninth Circuit.

March 18, 1964.

Barbara Warner and Caryl Warner,
Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Section, Jo Ann Duane and Richard Sherman, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before POPE, JERTBERG and MERRILL, Circuit Judges.

PER CURIAM.

Appellant appeals from an order of the District Court made and entered on the 29th day of May, 1963 denying his motion filed under the provisions of 28 U. S.C. § 2255 to vacate and set aside sentence and judgment of conviction imposed upon him on February 18, 1947.

Upon his appeal from the judgment of conviction, this court affirmed the judgment. Hayman v. United States, 163 F. 2d 1018 (9th Cir. 1947).

As stated by this court in Hayman v. United States, 241 F.2d 188 (9th Cir. 1957), at page 190:

[Appellant] "has had a very long record of applications not only for writs of habeas corpus but also for relief under § 2255 in a succession of efforts to procure release from custody under the sentence which he is serving.[3] "

Footnote 3 to which the text refers, reads as follows:

["[3] See Hayman v. United States, 9 Cir., 187 F.2d 456, 458; United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Hayman v. United States, 9 Cir., 205 F.2d 891. The papers presented here disclose that there were additional similar proceedings not reported."]

Petitioner was convicted on all counts of a six count indictment.

"Sentence was imposed upon him first by judgment dated January 20, 1947. By this judgment he was fined $2000 and ordered imprisoned for a period of ten years upon each of the first five counts. Upon the sixth count he was fined $10,000 with the provision that payment of said

sum would satisfy the fines on all counts. The judgment recited:

> " 'It is further ordered and adjudged that the ten-year periods of imprisonment imposed under Count One and Count Two of the indictment shall run Consecutively, and that the ten-year periods of imprisonment imposed under Counts Three, Four and Five of the indictment shall all commence and run concurrently with the ten-year period of imprisonment imposed under Count Two of the indictment, so that the total period of imprisonment shall be twenty years.'

"Subsequently, on the 18th day of February, 1947, and within the time allowed by Rule 35, Rules Criminal Procedure, 18 U.S.C.A., for reduction of a sentence, the court entered a second judgment, corrected pursuant to Rule 35, which reduced the fines on the Second, Third, Fourth and Fifth counts to $1,000 each. The judgment, however, again imposed imprisonment for a period of ten years upon each of the first five counts and it restated, in the same language quoted above, the provision that the ten year periods of imprisonment imposed under Count One and Count Two should run consecutively, concluding, ' * * * so that the total period of imprisonment shall be twenty years'. The corrected sentence then concluded with the following paragraph:

> " *'It is further ordered that this corrected sentence shall supersede the sentence imposed January, 20, 1947; that this judgment shall be entered nunc pro tunc as of January 20, 1947; and that all sentences herein imposed shall commence and run from January 20, 1947.'* " (Emphasis ours.) Hayman v. United States, 241 F.2d 188, 190–191.

On this appeal appellant makes two contentions. First, appellant claims that he should be released from custody because his sentence of imprisonment has expired, in that he has completed service of his sentence upon the last clause of the paragraph just quoted and italicized. He contends that such language has the effect of making all of his sentences concurrent and that he has served a ten year sentence. Appellant urged this identical point in Hayman v. United States, supra, 241 F.2d 188. In disposing of such claim this court stated at page 191:

> "It is plain that the trial judge was right in regarding this as a frivolous claim; the provision of the corrected sentence is as clear as it could be that the two ten year terms should be served consecutively 'so that the total period of imprisonment shall be twenty years.' The final clause in the concluding paragraph of the corrected sentence in no manner alters that. It operates to do nothing more than to indicate that the corrected judgment should read as though the sentence had been imposed on January 20, 1947."

Appellant contends that the above quoted statement is dictum because at that time appellant had not completed service of a ten year sentence and therefore the District Court from whose order the appeal in that case was taken was without jurisdiction under 28 U.S.C. § 2255. While the statement may have been dictum at that time, we adopt that statement as a reason for stating that appellant's first contention on this appeal is without merit.

Appellant's second contention is that Count 2 fails to charge an offense. Under this contention appellant challenges the validity of the sentence imposed solely under Count 2 of the indictment. As noted, appellant was sentenced to ten years of imprisonment under Count 2 and was also sentenced to ten year periods of imprisonment under each of the Counts 3, 4 and 5. And it was further ordered that said periods of imprisonment under Counts 3, 4 and 5 shall run concurrently with the period of imprisonment imposed under Count 2.

Since the appellant does not challenge the validity of his detention under Counts 3, 4 and 5 of the indictment, there is no occasion under 28 U.S.C. § 2255 to inquire into the validity of his conviction under Count 2 of the indictment for the reason that a judicial decision, even if determined in appellant's favor, would not result in his release. Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959); Migdol v. United States, 298 F.2d 513, 91 A.L.R.2d 1283 (9th Cir. 1961). In any event, appellant's contention is without merit. See Hayman v. United States, 205 F.2d 891, C.D. 346 U.S. 860, 74 S.Ct. 77, 98 L.Ed. 373. See also Prussian v. United States, 282 U.S. 675, 51 S.Ct. 223, 75 L.Ed. 610 (1931).

The order appealed from is affirmed.