**Dimitri KAPSALIS, Appellant,**

v.

**Lawrence E. WILSON, Warden, California State Prison, San Quentin, California, Appellee.**

**No. 21052.**

United States Court of Appeals
Ninth Circuit.

June 26, 1967.

Certiorari Denied Oct. 9, 1967.

See 88 S.Ct. 180.

Dimitri John Kapsalis, in pro. per.

Thomas C. Lynch, Atty. Gen., John T. Murphy, James B. Cuneo, Deputy Attys., Gen., San Francisco, Cal., for appellee.

Before BARNES and JERTBERG, *Circuit Judges,* and HILL,* District Judge.

PER CURIAM:

Appellant, in penal custody of the State of California following his conviction in 1963 of first degree murder, appeals from an order of the United States District Court for the Northern District of California, Southern Division, denying his application for the writ of habeas corpus. In denying the application, the district court did not issue an order to show cause and did not hold a hearing.

Appellant was convicted after a plea of guilty (Appellant's Brief, p. 1; Appellee's Brief, p. 2), and was sentenced to life imprisonment (Tr. 2). He was represented by counsel at his arraignment, plea of guilty and sentencing. (T.R. p. 8.)

---

\* Hon. Irving Hill, United States District Judge, Central District of California.

Appellant did not appeal his conviction, but he did apply to the state courts for habeas corpus. (Tr. 5–6).

Appellant filed his application below and his briefs on appeal *in pro. per.*, and he proceeds *in forma pauperis*.

■ Appellee's argument that the appeal should be dismissed because of appellant's failure to comply with the requirements of 28 U.S.C. § 2107 and Rule 73(a), Fed.R.Civ.P., is sound. Those provisions provide that notice of appeal must be filed within 30 days of the entry of the order appealed from; the district court, however, can extend this period to 60 days. This time requirement applies to habeas corpus applications, see Poe v. Gladden, 287 F.2d 249 (9th Cir. 1961), Pledger v. United States, 260 F.2d 471 (6th Cir. 1958), Nethery v. Culver, 259 F.2d 41 (5th Cir. 1958), even though the petitioner is not represented by counsel, Application of Cameron, 247 F.2d 775 (9th Cir. 1957), cert. denied, 355 U.S. 917, 78 S.Ct. 347, 2 L.Ed.2d 277 (1958). And the time limit cannot be extended by the parties or by order of court. United States ex rel. Lutz v. Ragen, 171 F.2d 788 (7th Cir. 1949), cert. denied, 337 U.S. 910, 69 S.Ct. 1044, 93 L.Ed. 1722 (1949). Thus the fact that a certificate of probable cause was issued does not save the appeal; the certificate was improvidently granted. See Poe v. Gladden, supra, 287 F.2d at 251.

■■ It seems that the only flexibility in applying this requirement in habeas corpus cases is that courts are liberal in accepting informal documents as a notice of appeal. See Poe v. Gladden, supra, 287 F.2d at 251. That liberality is of no avail in this case: the order denying relief was entered on January 7, 1966 (Tr. 19), and appellant made no attempt to appeal until more than three months had elapsed—his notice of appeal was dated April 13, 1966 (Tr. 22) and filed on April 15, 1966 (Tr. 21).

The appeal is dismissed for lack of jurisdiction.