443 P.2d 923

**In the Matter of the Application of Albert Amey For a Writ of Habeas Corpus.**

**Albert AMEY, Petitioner,**

v.

**STATE of Arizona ex rel. Frank A. EYMAN, Warden, Arizona State Prison, Respondent.**

No. 2 CA–HC 89.

Court of Appeals of Arizona.

July 23, 1968.

Rehearing Denied Aug. 26, 1968.

Albert Amey, in pro. per.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Former Atty. Gen., for respondent.

KRUCKER, Judge.

Petitioner, Albert Amey, makes application to this court for a writ of habeas corpus having first filed for a writ in the Superior Court of the State of Arizona, in and for Pinal County, in compliance with Rule 1(b); Rules of the Supreme Court, 17 A.R.S. The record before us does not include a copy of the judgment of conviction, but only the "statement of facts on conviction," which recites:

"* * * to run consecutively with Cause No. 49074, commencing as of this date."

Cause No. 49074, referred to above, was an offense charged in another information on which the petitioner was convicted and sentenced in 1966, sentence being for a term of not less than two years nor more than three years for the crime of aggravated assault and the petitioner was delivered to the Arizona State Prison on October 27, 1966.

On January 9, 1967, petitioner was sentenced in the Superior Court of Maricopa County, State of Arizona, to serve a term of not less than two years nor more than two and one-half years at the Arizona State Prison in cause No. 49416. The statement of facts on conviction stated that the sentence was to run consecutively with cause No. 49074.

Petitioner contends that the use of the words "commencing as of this date" in the judgment of January 9, 1967, is ambiguous and that the ambiguity should be resolved in petitioner's favor. We cannot agree. Rule 339, Rules of Criminal Procedure, 17 A.R.S., reads as follows:

> "When the defendant has been convicted of two or more offenses charged in the same indictment or information, the terms of imprisonment shall be served concurrently unless the court expressly directs that they or some of them be served consecutively. Sentences of imprisonment for offenses not charged in the same indictment or information shall be served consecutively unless the court expressly directs that they or some of them be served concurrently." Rule 339, R.Crim.P., 17 A.R.S.

Finding no ambiguity and noting that sentences of imprisonment for offenses not charged in the same indictment or information should be served consecutively unless the court expressly directs that they be served concurrently, and there being no direction to this effect, the rule would apply. See Bellam v. State, 233 Md. 368, 196 A.2d 891 (1964).

For the reasons stated, it is hereby ordered that the application for writ of habeas corpus is denied.

HATHAWAY, C. J., and MOLLOY, J., concur.