316 So.2d 235

**Richard Keith MYERS**

**v.**

**STATE.**

**4 Div. 314.**

Court of Criminal Appeals of Alabama.

June 17, 1975.

Rehearing Denied July 29, 1975.

---

Farmer & Herring, Dothan, for appellant.

William J. Baxley, Atty. Gen. and C. Lawson Little, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant was convicted of grand larceny and sentenced to four years imprisonment in the penitentiary. Throughout the trial proceedings he was represented by retained counsel who represents him on appeal. At arraignment he pleaded not guilty.

Appellant was charged with feloniously taking and carrying away one air grinder and one drill motor of the aggregate value of $214.00, the personal property of the Alabama Power Company.

The facts are not in dispute. Appellant did not testify nor did he offer any evidence in his behalf.

Mr. Virgil O. Woodring was employed by Daniel Construction Company as warehouse superintendent and part of his duties included receiving, maintaining and storing tools, equipment and construction supplies at the Farley Nuclear Plant site in Houston County. An inventory of all items in the warehouse was made on January 19, 1974. Such items included air grinders and drill motors. On the day the inventory was made, forty-two air grinders were missing. He further testified that no one had permission to remove tools from the nuclear plant site. He said that all nonexpendable tools (such as those mentioned in the indictment) were owned by the Alabama Power Company and were located in the warehouse; that the tools needed on the construction of the plant had to be checked out by job foremen. Such tools would be listed by serial numbers and a receipt was required to be signed by a foreman.

When it was discovered that certain items were missing from the warehouse for which no receipts were issued and signed, an investigation was begun by David B. Hinman, Manager of Security for the Alabama Power Company, along with the Sheriff of Houston County and a State Criminal Investigator. Appellant was employed at the nuclear plant site.

The officers interviewed appellant's wife at the Ramada Inn in Dothan and told her they were investigating certain missing tools that were the property of the Alabama Power Company. As a result of this conversation with appellant's wife she told the officers "she didn't know of any tools in our apartment but if there were any she wanted them to come and get them saying, I don't want them in the apartment." She gave the officers a "written consent" to search their apartment located at 101 Colony Apartments in Dothan. She went with the officers to the apartment.

In the course of the search the officers found an air grinder in the hall closet and a drill motor in appellant's Jeepster station wagon parked in front of the apartment. These items were identified as the property of the Alabama Power Company. Over appellant's objections these items were introduced in evidence at trial.

Appellant claims reversible error was committed in the admission into evidence of these items since the officers did not have a search warrant and the wife could not give consent to search appellant's apartment—that appellant only could give such consent.

Appellant was arrested and given the *Miranda* rights and warnings. He signed the following waiver of rights form:

"I, Richard Keith Myers, have been informed by the undersigned law enforcement officers, prior to being questioned by them, that I am suspected of the offense of larceny in Houston County, Alabama, on the — 'and the date was left out because this covered a period of three years that we were investigating it —' 1. That I may remain silent and do not have to make any statement at all. 2. That any statement which I might make may be used against me in Court. 3. That I have a right to consult with an attorney before making many (sic) statement and to have such attorney present with me while I am making a statement. 4. That if I do not have enough money to employ an attorney, I

have the right to have one appointed by the Court to represent me; to consult with him before making any statement; and to have him present with me while I am making a statement. 5. That if I request an attorney, no questions will be asked me until an attorney is present to represent me. After having my Rights explained to me, I freely and voluntarily waive my right to an attorney. I am willing to make a statement to the officers. I can read and write the English language and fully understand my Rights to an attorney. I have read this Waiver of Counsel and fully understand it. No threats or promises have been made to me to induce me to sign this Waiver of Counsel and to make a statement to the officers. This 4th day of April, 1974. (signed) Richard K. Myers."

Appellant then made and signed the following statement:

"Q. Officer Cox, would you please read the statement the defendant made to you at that time, to the jury?

"A. (witness read following statement:) 'I, Richard Keither Myers, hereby make the following free and voluntary statement to State Investigator Rex Cox and David B. Hinman who has identified himself as a representative of Alabama Power Company. I understand that this statement may be used as evidence. I am 22 years old and reside at Apartment 101, Colony Apartments, Dothan, Alabama. I am employed as a welder for Little Electric Co., at the Farley Nuclear Plant. I have been employed in this capacity for approximately one year. During my employment, I have taken tools belonging to Alabama Power Company. These tools included an end grinder which I later sold to Emmett Dollar, an electrician at the Plant. He gave me $15.00 for it and I gave it to him at Gills Restaurant on Highway 95. I also sold a ¼″ electric drill, Black and Decker, to Jimmy Anders who lives at Madrid. He paid me $500.00 for it. I have looked at an assortment of other

tools which I recognize as tools which I took from the Plant site. These tools include one acetylene regulator, an oxygen regulator, a ⅜″ Black and Decker electric drill, an air operated angle grinder, a ½″ electric drill, screw drivers, hacksaw, and a tubing bender for ¼″ tubing and some ½″ drive handles and ratchetts. Also included is a Motorola alternator which I got from the automotive parts bins in the mechanics shop. I asked a mechanic if they had an alternator for my Jeep and he told me that I could look around for one. I have discussed these tools with Jim Bob Akers who works on the job with me and I have seen tools at his place which I thought came from the Plant site. My Jeep has a new Goodyear battery which was put in my Jeep by Larry Glass while we were at the Goodyear store to buy some tires. I heard from various people last week that some searches were being made for tools. I had thought about taking these tools back because I knew it was wrong for me to have them. I loaned a ½″ electric drill to Jim Bob Monday, this week, and when he brought it back it was painted black. I have read this statement and it is true and correct. Signed Richard K. Myers.'"

The prevailing view in this country is that a wife, or other joint occupants of living quarters, may constitutionally give "consent" to search the premises and a search warrant is not required. *United States v. Johnson*, 413 F.2d 1396 (5th Cir. Ala.); *United States v. Thompson*, 421 F. 2d 373 (5th Cir. La.); *Roberts v. United States*, 332 F.2d 892 (5th Cir. Ark.) cert. denied 380 U.S. 980, 85 S.Ct. 1344, 14 L.Ed. 2d 274; *United States v. Sergio*, 21 F.Supp. 553 (D.C.N.Y.); *Cass v. State*, 124 Tex.Cr. 208, 61 S.W.2d 500; *People v. Carter*, 48 Cal.2d 737, 312 P.2d 665; *People v. Perroni*, 14 Ill.2d 581, 153 N.E.2d 578, cert. denied 359 U.S. 980, 3 L.Ed.2d 929, 79 S.Ct. 899; *Bellam v. State*, 233 Md. 368, 196 A.2d 891; *State v. Harrison*, 81 N.M. 324, 466 P.2d 890.

In the case of *United States v. Matlock*, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242, a "consent" search of a room jointly occupied by a woman and her lover, the defendant, the Court held:

"Respondent Matlock was indicted in February 1971 for the robbery of a federally insured bank in Wisconsin, in violation of 18 U.S.C. § 2113. A week later, he filed a motion to suppress evidence seized by law enforcement officers from a home in the town of Pardeeville, Wisconsin, in which he had been living. Suppression hearings followed. As found by the District Court, the facts were that respondent was arrested in the yard in front of the Pardeeville home on November 12, 1970. The home was leased from the owner by Mr. and Mrs. Marshall. Living in the home were Mrs. Marshall, several of her children, including her daughter Mrs. Gayle Graff, Gayle's three-year-old son, and respondent. Although the officers were aware at the time of the arrest that respondent lived in the house, they did not ask him which room he occupied or whether he would consent to a search. Three of the arresting officers went to the door of the house and were admitted by Mrs. Graff, who was dressed in a robe and was holding her son in her arms. The officers told they were looking for money and a gun and asked if they could search the house. Although denied by Mrs. Graff at the suppression hearing, it was found that she consented voluntarily to the search of the house, including the east bedroom on the second floor which she said was jointly occupied by Matlock and herself. The east bedroom was searched and the evidence at issue here, $4,995 in cash, was found in a diaper bag in the only closet in the room. The issue came to be whether Mrs. Graff's relationship to the east bedroom was sufficient to make her consent to search valid against respondent Matlock."

In *Matlock* the court went on to hold that the "consent to search" the room oc-

**408**

cupied by her and her lover did not offend any constitutional rights of the defendant.

Certainly if a mistress can voluntarily give consent to search the bedroom occupied by her and her lover, a wife must be accorded the same constitutional right. Under the evidence in this case, we hold the search and seizure of the stolen property met every constitutional right to which appellant was entitled.

For an excellent annotation for "Authority to consent for another to search and seizure", see 31 A.L.R.2d 1078.

There was no error in overruling appellant's motion to exclude the state's evidence and in refusing the affirmative charge. *Young v. State,* 283 Ala. 676, 220 So.2d 843.

The judgment is affirmed.

Affirmed.

TYSON, DeCARLO and BOOKOUT, JJ., concur.

CATES, P. J., not sitting.