McMILLAN, Judge.
From the pretrial granting of defendant’s motion to suppress, this appeal has been filed by the State of Alabama. For the reasons outlined below, the' trial court correctly granted the motion to suppress and its decision is affirmed.
The defendant, Marcus R. Pybus, was arrested and charged with the offense of possession of cocaine. After indictment and arraignment, Pybus entered a plea of not guilty to the charge of possession of cocaine. After defense counsel filed a motion to suppress, a hearing was scheduled and testimony taken in support of the motion. On August 22,1984, the Honorable J. Ronald Storey, Judge, Houston County Circuit Court, entered an order granting the defense motion to suppress, based upon the testimony taken at the hearing. The State of Alabama filed this appeal and presents the following issue for review: “Whether the warrantless search of the defendant at his place of employment was legal.”
At the hearing on the motion to suppress, testimony was taken from James Kenneth Potts, Safety, Security and Training Director for the Hedstrom Union in Dothan, Alabama; John Givens, Officer, Dothan Police Department; and John White, Narcotics Sergeant, Dothan Police Department. This testimony revealed that on the morning of April 24, 1984, Sergeant White received information from an informant that the defendant, Marcus Pybus, had in his possession an amount of cocaine. The informant also indicated that Pybus had the cocaine at the place of his employment, Hedstrom Union. Approximately two hours after he received the information, Sergeant White sent Officer Givens to Hedstrom to investigate. Neither Officer Givens nor Sergeant White obtained or attempted to obtain a search warrant.
When Officer Givens arrived at the plant, he talked with Potts and informed him that he was “there to arrest Mark Pybus.” After talking with the plant manager, Potts took the police officers to the defendant’s working area. When asked if they had a search warrant, Potts was told that “[the police officers] didn’t need one.”
Officer Givens testified that he went to the defendant’s place of employment to “make a search of him” but did not, at that time, have sufficient information to arrest *67 the defendant. Officer Givens admitted that he could not have arrested the defendant had he “not searched around and found some controlled substance in or near his person.” *
After Officer Givens identified himself, he gave the defendant his “Miranda rights” and informed him that he had “reason to believe he would be in possession of cocaine.” Givens and the defendant then went to a “more private room to perform the search of his person.” When Givens did not find any contraband on the defendant’s person, the following occurred:
“[Officer Givens]: I asked him if he had any clothing or a jacket or anything around his work area.
“Q. What did he tell you?
“A. He said he did.
“Q. Did he tell you he had anything in the jacket at that time?
“A. He did not.
“Q. Did he direct you to the jacket?
“A. He directed me to the jacket.
“Q. You went to the jacket and what did you find, if anything?
“A. I went through his jacket and I found a small wooden-type box about the size of the average cigarette pack.
“Q. Did you open it up and look in it?
“A. Yes, sir.
“Q. What color powder was it?
“A. White powder.”
It was at this point that the appellant was placed under arrest, according to Officer Givens, and was transported back to the Dothan Police Station.
The State of Alabama argues that the warrantless search of the defendant at his place of employment was proper because it was “based upon the consent of the plant manager to enter the plant and upon the consent of the defendant to search his coat”.[1] According to the State, the act of directing the police officer to the jacket “clearly implies consent,” as does the defendant’s failure to “protest by word or action the search of his coat.”
One of the exceptions to the general rule that a search warrant must be obtained before a legal search can take place is the so-called “consent exception.” This exception provides as follows:
“Consent to an illegal search is a waiver of the constitutional protection from unreasonable searches and seizures. The burden is upon the prosecution to show, by clear and convincing evidence, that consent was knowingly and freely given. When the subject of a search is not in custody, and the State attempts to justify a search on the basis of his consent, the Fourth Amendment requires that the State demonstrate that the consent was in fact voluntarily given and not the result of duress or coercion, express or implied. Voluntariness is a question of fact to be determined from all the circumstances, and while the subject’s knowledge of a right to refuse a search is a factor to be taken into account, the prosecution is not required to demonstrate such knowledge as a prerequisite to establishing a voluntary consent. The burden of proof that is to be borne by the prosecution in proving a valid consent is no greater than proof by a preponderance of the evidence. [Citations omitted.]” Lott v. State, 456 So.2d 857, 859 (Ala.Cr.App.1984).
Under certain circumstances, a third party may give the necessary consent. Ballard v. State, 461 So.2d 899 (Ala.Cr.App.1984). That is:
“It is well recognized that some third parties may validly consent to a search of premises or the effects of an absent defendant, if such third party shares with the defendant ‘common authority over or other sufficient relationship to the premises or effect sought to be inspected.’ United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); Myers v. State, 55 Ala.App. 404, *68 316 So.2d 235 (1975); Scott v. State, 337 So.2d 1342 (Ala.Cr.App.1976)." Id. at 903.
In the Ballard case, this court concluded that the appellant’s wife gave a voluntary, intelligent, and knowing consent to the search. In this case, however, it is apparent that neither the defendant nor a “third party” gave the requisite consent to the search.
Obviously, the search was constitutionally permissible if “the defendant consented to the search.” Whitener v. State, 390 So.2d 1136, 1142 (Ala.Cr.App.), cert. denied, 390 So.2d 1145 (Ala.1980). As this court in Whitener, however, noted:
“There can hardly be any disagreement with the proposition that to constitute a valid consent it must be freely and voluntarily given, and that the burden of proof is upon the prosecution to prove the essential free and voluntarily nature of the consent, [citations omitted].” Id. at 1142.
When the State relies on “consent” to justify the lawfulness of the search, however, it has the “burden of proving that the consent was, in fact, freely and voluntarily given.” Id. at 1142, quoting Bumper v. North Carolina, 391 U.S. 543, 548, 88 S.Ct. 1788, 1792, 20 L.Ed.2d 797, 802-803 (1968).
The burden placed on the State to show a “free and voluntary” consent “cannot be discharged by showing no more than acquiescence to a claim of lawful authority. Id. at 1142. As this court has noted:
“The consent must be unequivocal specific, and freely and intelligently given. There must be clear and positive testimony. (Citation omitted.) Courts indulge in every reasonable presumption against waiver of fundamental Fourth Amendment rights. (Citation omitted.) ‘An open door is not a waiver of such rights. A peaceful submission to a search or seizure is not a consent or an invitation thereto, but is merely a demonstration of regard for the supremacy of the law.’ (Citation omitted).”
“In United States v. Smith, 308 F.2d 657 (2nd Cir.1962), it was stated:
‘When a law enforcement officer knocks at the door, identifies himself, and asks to be allowed to search the premises, the acquiescence thus obtained is generally not considered to be voluntary consent....’

‘When the State relies upon consent to justify search and seizure of evidence to incriminate, the consent must be given under circumstances to justify a waiver of known rights. This is not a matter that can be presumed, but the State has the burden of proving that the consent or waiver was given voluntarily without inducement or coercion and with knowledge of the right to refuse the request to search.’ ” Murray v. State, 396 So.2d 125, 129 (Ala.Cr.App.1980), cert. denied 396 So.2d 132 (Ala.1981).
The mere fact that in this case, both the defendant and the plant manager merely “submitted to authority” does not mean that a free and voluntary consent to the search was given. Herriott v. State, 337 So.2d 165, 169 (Ala.Cr.App.), cert. denied, 337 So.2d 171 (Ala.1976).
When considering the question of “consent,” this court must give great deference to the decision which was made at the trial court level. Tillis v. State, 469 So.2d 1367, 1370 (Ala.Cr.App.1985). That is:
“The voluntariness of the consent to search is a question of fact for the trial judge which is to be determined from the totality of all the circumstances. [Citations omitted.] The trial court’s finding will not be disturbed on appeal unless the appellate court is convinced that the conclusion was palpably contrary to the weight of the evidence. [Citations omitted.]” Id.
In Tillis, this court upheld the voluntary nature of the appellant’s consent to search the premises based, among other things, upon his signing of a consent form. In this case, however, based upon the evidence at the motion to suppress, it is apparent that the State did not carry its burden and did *69 not show that a “free and voluntary consent” to the search was given by either the defendant or the plant manager. Additionally, the State did not prove that the defendant made an “intelligent and knowing waiver” of his rights. Thus, the motion to suppress was properly granted.
AFFIRMED.
All the Judges concur except PATTERSON, J., who concurs in result only.

. Note that the coat or jacket was in the defendant’s general "work area” where there were "several other” employees.