**John Charles JEFFERSON, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**No. 5–60 Crim. 16.**

United States District Court
D. Minnesota,
Fifth Division.

Feb. 21, 1961.

DONOVAN, District Judge.

Petitioner, indicted in two counts for conspiracy and escape, was arraigned and sentenced. He now moves the Court to vacate the sentence imposed upon him at Duluth, Minnesota, on May 24, 1960. A recital of the details leading to petitioner's plea and sentence may be informative.

While confined at the Federal Correctional Institution at Sandstone, Minnesota, pursuant to a prior conviction and sentence, Jefferson and two inmates, James Richard Aga and George Melvin Lundquist, climbed the wall of the inner compound of that institution, walked across a roof and dropped down the outside wall of the institution. Thereafter Jefferson and his two companions burglarized a railroad roundhouse in the town of Sandstone, Minnesota, some two or three miles from the institution. They stole a bus belonging to the railroad and drove it from Sandstone to Duluth, Minnesota. They abandoned the bus at an automobile repair garage in Duluth. They broke into the garage, assaulted the night watchman, robbed him and stole an automobile stored in the garage. In the stolen automobile, they proceeded to Grand Marais, Minnesota, about 125 miles from Duluth, where they broke into a summer cabin therein stealing clothes and money. In the car stolen at Duluth, they then reversed their direction proceeding west through northern Minnesota toward North Dakota. Approximately five miles from the North Dakota and Canadian boundaries, they had automobile trouble and were apprehended by Minnesota State Highway Pa-

trolmen and the local sheriff. The apprehension occurred approximately twenty-four hours following the escape. They were charged with conspiracy to violate 18 U.S.C. § 751, in violation of 18 U.S.C. § 371, and with a violation of 18 U.S.C. § 751.

The indictment was returned and filed with the Clerk of this Court on January 20, 1960. Petitioner was arraigned at Duluth, Minnesota, on January 26, 1960, and a lawyer was appointed to represent him. To count 1 of the indictment, petitioner pleaded not guilty and trial was set for the May 1960 general term of Court at Duluth, and to count 2, he pleaded guilty. On May 2, 1960, petitioner filed a written motion "to change his plea of guilty to count 2 to not guilty." The motion was granted. On May 24, 1960, petitioner again before the Court, and represented by an able and experienced member of the bar of this Court, expressed a wish to change his plea of not guilty to the indictment to guilty. Following the granting of his motion, sentence was imposed on motion of the Government. At the request of petitioner and his counsel, he returned into Court for clarification of his sentence.

In the interest of accuracy, the transcript of the proceedings on May 3, 24 and 25, 1960, will be quoted as follows:

"Proceedings had in the above entitled matter before the Honorable Dennis F. Donovan, one of the judges of said Court, in his court room in the Federal Building, at Duluth, Minnesota, on the 3rd day of May, 1960, at 3:00 o'clock p. m.

"Present:

"Mr. Connor F. Schmid, Assistant United States Attorney, St. Paul, Minnesota, appearing on behalf of the Plaintiff;

"Mr. Rodney F. Edwards, Duluth, Minnesota, appearing as court-appointed counsel of the defendants.

"Thereupon, the following proceedings were duly had:

"The Court: Now, what is the next matter?

"Mr. Schmid: The next matter, Your Honor, is the matter of United States of America versus John Charles Jefferson, James Richard Aga, and George Melvin Lundquist.

"The Court: And Mr. Edwards is attorney for the defendants. Mr. Edwards is in court.

"Mr. Edwards: Yes, Your Honor.

"Your Honor, could I just explain to them what the motion is about?'

"The Court: Certainly.

"(Mr. Edwards conferred with the defendants.)

"Mr. Edwards: Ready to proceed.

"The Court: Yes, Mr. Edwards.

"Mr. Edwards: Your Honor, at the request of the defendants in this prosecution—

"The Court: This is No. 16, United States of America versus John Charles Jefferson, James Richard Aga, and George Melvin Lundquist.

"Mr. Edwards: They have requested that I make the proper motions to change their plea, or withdraw their plea of guilty, in respect to defendant John Charles Jefferson as to Count 2 of the indictment and enter a plea of not guilty; and in respect to defendant Aga, in respect to Count 3 of the indictment to withdraw his plea of guilty and enter a plea of not guilty; and in respect to defendant Lundquist, to withdraw his plea of guilty to Count 4 and change his plea to not guilty.

"The counts that we are requesting that the plea be withdrawn and changed pertain to a charge of escape from the Federal Prison at Sandstone. The counts in the indictment which the defendants have pled not guilty to pertain to a conspiracy by them to commit the escape. We feel, and I think we are justified in this feeling, that to let the plea of guilty stand on the escape charge would prejudice their proceeding with the trial on the conspiracy charge. And they have other reasons, that they feel that the

type of the prison, security of the prison from which they left, was such that it was not a technical escape as is contemplated by the statute. And the fact of the matter is no evidence has been brought out in this case. We want to see how the evidence appears in that respect. And it may be a legal question that we would want to dispute in respect to their rights, as to whether they are guilty or not guilty.

"The Court: Let us see if we can simplify that withdrawal this way. Do I understand that they withdraw all pleas of guilty and plead not guilty to everything? Is that it?

"Mr. Edwards: That is right, Your Honor.

"The Court: And they wish to go forward with the trial on the basis of a plea of not guilty.

"Mr. Edwards: As to all counts, yes.

"The Court: Mr. Schmid.

"Mr. Schmid: We believe the motion is addressed to the sound discretion of the Court under the rule—

"The Court: Yes.

"Mr. Schmid: And we take no position.

"The Court: The motion will be granted. All pleas of guilty may be withdrawn as to all and each of the defendants named and a plea of not guilty will be entered in lieu thereof.

"The matter will come on for trial in the usual course of trial, when we reach it. We will try this other case ahead of it, Mr. Edwards. Then all the judges in the District will be attending a Judicial Conference at Hot Springs, Arkansas. It may be that this case may not come on for trial much before the week of May 23rd. Will that meet with your approval?

"Mr. Edwards: That will be very good for my schedule.

"The Court: Very well. And Mr. Schmid will understand that, too.

"Mr. Schmid: Yes, sir.

"The Court: All right. That takes care of everything then, Mr. Edwards, in that respect?

"Mr. Edwards: Yes, it does, Your Honor.

"The Court: Thank you. Very well, gentlemen, you may return the defendants.

"Proceedings had in the above-entitled matter before the Honorable Dennis F. Donovan, one of the judges of said Court, in his courtroom in the Federal Building, at Duluth, Minnesota, on the 24th and 25th days of May, 1960.

"Present:

"Mr. William Hunt, Assistant United States Attorney, St. Paul, Minnesota, appearing on behalf of the Plaintiff;

"Mr. Rodney F. Edwards, Duluth, Minnesota, appearing as court-appointed counsel of Defendant John Charles Jefferson;

"Mr. Richard L. Bye, Duluth, Minnesota, appearing as court-appointed counsel of Defendant James Richard Aga;

"Mr. Robert K. McCarthy, Duluth, Minnesota, appearing as court-appointed counsel of Defendant George Melvin Lundquist.

"Tuesday, May 24, 1960,
"12:00 o'clock Noon.

"The Court: Gentlemen, we have the case of the United States versus John Charles Jefferson, et al. Are you ready, gentlemen?

"Mr. Hunt: Yes, we are.

"The Court: You may step forward.

"(The defendant John Charles Jefferson and Mr. Rodney F. Edwards appeared before the Court.)

"Mr. Edwards: If it please the Court, we would like to ask permission of the Court to remove the plea of not guilty to these offenses with permission for the defendant to plead otherwise.

"The Court: The motion may be granted. The plea of not guilty is vacated, and you may proceed.

"Mr. Hunt: We believe, Your Honor, that the defendant wishes to enter a new plea to both counts of this indictment and we ask that the defendant enter a new plea to the charges.

"Mr. Edwards: I might ask the defendant—you understand you are charged with escaping from Sandstone Prison and conspiracy to escape from Sandstone Prison?

"Defendant Jefferson: Yes.

"Mr. Edwards: Are you willing to plead guilty to both of those charges?

"Defendant Jefferson: Yes.

"The Court: Very well. I understand then that the defendant John Charles Jefferson is entering a plea of guilty.

"Defendant Jefferson: Yes, sir.

"The Court: A plea of guilty may be entered. All right, Mr. Hunt, you are moving for sentence?

"Mr. Hunt: Yes, we move for imposition of sentence, Your Honor.

"The Court: The Government moves for imposition of sentence. Have you anything to say now, John Charles Jefferson, before sentence shall be imposed?

"Defendant Jefferson: Well, the only thing I could say, Your Honor, is that I realize that I have been doing nothing but corrupting my life for the last few years. I realize I have got to straighten myself out or I will be doing life on the installment plan basis. I think I am entitled to a little time.

"The Court: Have you anything to add, Mr. Edwards?

"Mr. Edwards: Nothing to add.

"The Court: The defendant having been asked if he has anything to say before sentence shall be imposed, and the defendant having spoken in his own behalf and his counsel being here present with him on this 24th day of May, 1960, it is adjudged that the defendant has been convicted upon his plea of guilty of the offenses of conspiracy to violate Title 18, Section 751, United States Code, in that he did conspire with others to escape the lawful custody of the Attorney General or his authorized representative in violation of Title 18, Section 371, United States Code, as set forth in the first count, and that he did escape from the custody of the Attorney General or his authorized representative, from the Federal Correctional Institution at Sandstone, Minnesota, at which he is and was confined by virtue of process issued by the laws of the United States, in violation of Section 751, United States Code, as set forth in Count 2 as charged in the indictment herein; and the Court having asked the defendant whether he has anything to say why judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the Court, it is adjudged that the defendant is guilty as charged and convicted. It is adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of three years on Count 2. It is further adjudged that imposition of sentence on Count 1 be suspended, and defendant is placed on probation for the period of three years from the termination of sentence on Count 2.

\* \* \* \* \* \*

"Wednesday, May 25, 1960, "9:25 o'clock a. m.

"(With appearances as heretofore noted, the following proceedings were had before the Honorable Dennis F. Donovan:)

"Mr. Hunt: Your Honor, in the matter of the United States versus John Charles Jefferson, James Richard Aga, and George Melvin Lundquist—will you gentlemen step forward, please?

"(The defendants and their counsel appeared before the Court.)

"Mr. Hunt: May the record reflect, Your Honor, that John Charles Jefferson is present in court with his attorney, Rodney F. Edwards, that James Richard Aga is present in court with his attorney, Richard L. Bye, and that George Melvin Lundquist is present in court with his attorney, Robert K. McCarthy.

"Your Honor, at this time the Government would ask that the Court express and make clear to these defendants and their attorneys exactly at what time the Court intended its sentence on the escape count in the indictment charging these defendants was intended to begin running.

"The Court: The record may so show the statement of counsel for the Government, and to the defendants I will now say this. Each of you defendants is before me so that I may make absolutely clear at what time I intended the sentences which I imposed for escape to begin to run. It was my intention, and I so now state, that I meant to indicate clearly that the three years imprisonment imposed on each of you for escape should naturally follow and be consecutive with and not concurrent with the sentences each of you was serving when you escaped.

"Are there any questions, gentlemen? I am speaking to the defendants now.

"Defendant Aga: No, sir.

"The Court: And you?

"Defendant Jefferson: No, sir.

"Defendant Lundquist: No.

"The Court: Any from counsel?

"Mr. Edwards: No questions, Your Honor.

1. Petitioner cites: Hill v. United States ex rel. Wampler, 298 U.S. 460, 56 S.Ct. 760, 762, 80 L.Ed. 1283, holding that "the only sentence known to the law, is the sentence entered upon the records of the court—the judgment." Hode v. Sanford, 5 Cir., 101 F.2d 290, holding that commitment is controlled by the judgment.

"The Court: Very well."

Petitioner was fortunate in his choice of able, skillful and honorable counsel, who had appeared on previous occasions in other matters here and in the Court of Appeals.

By his petition, Jefferson contends he was subjected to double jeopardy and sentenced in violation of Amendments V, VIII and XIV to the Constitution of the United States.[1]

█ Petitioner contends that an original lawful sentence may not be increased after accused commences to serve it. Petitioner's contention is not supported by the record in the case at bar. Petitioner's return into Court was for the sole purpose of having the Court clarify the sentence imposed the previous day. The transcript quoted, supra, makes this obvious.

Judgment was entered May 24, 1960. It reads as follows:

"It Is Adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of three (3) years on count two, said term of imprisonment to be served consecutively, and not concurrently, with the term, or terms, of imprisonment being served at the time the offense herein was committed.

"It Is Further Adjudged that imposition of sentence on count one herein be suspended, and defendant is placed on probation for the period of three (3) years from termination of sentence on count two.

"It Is Ordered that the Clerk deliver a certified copy of this judgment and commitment to the United States Marshal or other qualified officer and that the copy serve as the commitment of the defendant."

Roberts v. Hunter, 10 Cir., 140 F.2d 38, not in point King v. United States, 69 App D.C. 10, 98 F.2d 291, 296, is not in point.

It has to do with an indeterminate sentence imposed in the District of Columbia.

■ The lawful sentence is the judgment.[2]

Petitioner's motion to vacate the sentence imposed in the present case is denied.

It is so ordered.

Petitioner is allowed an exception.

---

2. See Payne v. Madigan, 9 Cir., 274 F. 2d 702.