James Richard AGA, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17145.

United States Court of Appeals
Eighth Circuit.

Feb. 1, 1963.

James Richard Aga, pro se.

Miles W. Lord, U. S. Atty., and Patrick J. Foley, Asst. U. S. Atty., Minneapolis, Minn., filed typewritten brief, for appellee.

Before VOGEL, BLACKMUN and RIDGE, Circuit Judges.

RIDGE, Circuit Judge.

This is an appeal from an order of the District Court denying appellant's Rule 35 motion (18 U.S.C.A.) to correct commencement of the term of a sentence imposed for "escape" (§ 751, T. 18 U.S.C.A.) as recorded in the written judgment, signed by his sentencing Judge and under which appellant was first committed to the custody of the Attorney General of the United States for service thereof.

The pertinent facts are these: Appellant and two companions were jointly indicted in the first count of a four-count indictment for conspiracy (18 U.S.C.A. § 371) to effect their escape from the Federal Correctional Institution at Sandstone, Minnesota. Each of them was separately charged in another count of that indictment with the substantive offense of escape (18 U.S.C.A. § 751). When first arraigned thereon, after advising with counsel, they each entered pleas of "guilty" to the substantive offense and "not guilty" as to the conspiracy charge. Sentence on the guilty pleas was deferred pending trial for the latter-mentioned offense.

On May 2, 1960, appellant (as did his co-defendants) filed a separate motion in the District Court "to change his plea of guilty" for escape "to not guilty." Such motions were granted. A trial date on the indictment as a whole was then set for May 24, 1960. On that date appellant, in the presence of individually-appointed counsel, duly entered a plea of guilty to the two charges made against him, *ante*. His co-defendants did likewise. Thereupon, sentence was first pronounced on one of appellant's co-defendants and then on appellant, as follows:

"* * * It is adjudged that the defendant (Aga) has been convicted upon his plea of guilty of the offense of conspiracy to violate Title 18 Section 751, United States Code * * * and that he did escape from the custody of the Attorney General or his authorized representative, from the Federal Correctional Institution at Sandstone, Minnesota, at which he is and was confined by virtue of process issued under the laws of the United States * * * as set forth in Count 3 of the indictment * * * and the Court having asked the defendant whether he has anything to say * * * it is adjudged that the defendant is hereby committed to the custody of the Attorney General * * * for imprisonment for a period of three years on Count 3. It is further adjudged that imposition of sentence in Count 1 be suspended and the defendant is placed on probation for the period of three years from the termination of sentence on Count 3."

The record judgment of sentence and commitment as entered and signed by the District Court on the same date (May 24, 1960) was in form as provided by Form #25, "Appendix of Forms" (F.R. Cr.P. 18 U.S.C.A.). In that "Judgment" and "Commitment" it was recited, among other things, that appellant was thereby "committed to the custody of the Attorney General * * * for a period of three (3) years on count three" of the indictment charging the substantive offense "to be served consecutively, and not concurrently, with the term, or terms, of imprisonment being served at the time the offense herein was committed"; and, that probation be granted on count one (1) thereof, "for the period of three (3) years from termination of sentence on count three." [1]

On the next day, May 25, 1960, appellant and his co-defendants were returned to court, in the presence of their respective counsel, when their sentencing Judge said to them:

"Each of you defendants is before me so that I may make absolutely clear at what time I intended the sentences which I imposed for escape to begin to run. It was my intention, and I so now state, that I meant to indicate clearly that the three years imprisonment imposed on each of you for escape should naturally follow and be consecutive

---

1. After their escape and arrest, appellant and his co-escapees were returned to the Sandstone institution and from there transferred to the District Court's jurisdiction for each appearance they made in District Court. Hence appellant was on May 24, 1960, being held in custody of the Attorney General under a 3-year sentence imposed on May 19, 1959, which had approximately two years to run, *sans* good-time allowance.

with and not concurrent with the sentences each of you was serving when you escaped.

"Are there any questions, gentlemen? I am speaking to the defendants now.

"Defendant Aga: No, sir.

"The Court: And you?

"Defendant Jefferson: No, sir.

"Defendant Lundquist: No.

"The Court: Any from counsel?

"Mr. Edwards: No questions, Your Honor.

"The Court: Very well."

█ It is appellant's contention here that the aforestated facts establish his "judgment of commitment" as signed by his sentencing Court is "invalid" in that the commencement of the term of his sentence as therein stated is different from that as orally pronounced on May 24, 1960, and that his sentencing Court committed error in not sustaining his Rule 35 motion "to correct the sentence imposed on May 25, 1960" to make the same "to run concurrently as the original sentence was pronounced on May 24, 1960" with the sentence he was then serving, i. e. the sentence from which he escaped.

Appellant's sentencing Court, by memorandum opinion (unpublished)[2] denied appellant's Rule 35 motion, on the ground that the only "lawful sentence" imposed on appellant was that set forth in its written "judgment as entered on May 24, 1960." In that memorandum Judge Donovan stated: "Petitioner's return to Court (on May 25, 1960) was for the sole purpose of having the Court clarify the sentence imposed the previous day. The transcript quoted above makes this obvious."

The whole gist of appellant's contention as here made may best be exemplified by what is said in Payne v. Madigan, 274 F. 2d 702, 704 (9 Cir., 1960):

"Rule 32(b), Federal Rules of Criminal Procedure, 18 U.S.C.A., which became effective on March 21, 1946, provides that a judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence. The sentence which is set forth in such judgment, however, must have been imposed in the presence of the defendant. Rule 43, Federal Rules of Criminal Procedure. It follows that if the sentence as set forth in the judgment departs in a matter of substance from the oral pronouncement of the sentence, it is void, though subject to correction under Rule 35, Federal Rules of Criminal Procedure.

"The order of serving consecutive sentences is a matter of substance. Sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any misapprehension by those who must execute them. In keeping with this principle, it has been held necessary for the court to indicate the sequence of sentences when consecutive sentences are imposed. United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309."

To further pinpoint appellant's contention it should be noted that the District Court, at the time of oral pronouncement of sentence in the case at bar on May 24, 1960, did not make any statement of its "intention" as to the time of commencement or the sequence of service of the sentence imposed on appellant in relation to the sentence he was then serving. However, it is manifest in the pronouncement then made that it was the intention of that Court that appellant be "committed to the custody of the Attorney General * * * for imprisonment for

---

2. John Charles Jefferson, a co-defendant of appellant, also filed a Rule 35 motion to have his sentence likewise corrected. In his motion Jefferson made the same contention as here presented by appellant. In adversely ruling Jefferson's motion Judge Donovan filed a memorandum opinion, published at Jefferson v. United States, 191 F.Supp. 123. Jefferson did not perfect an appeal to this Court from that decision.

a period of three years" for the substantive offense of "escape" and on the same date of its oral pronouncement of sentence it first gave expression of its "intention" regarding the service of that sentence in the written judgment and commitment signed by it. It is only because his sentencing Court, through oversight and inadvertence, failed to make known its "intention" to appellant and his co-defendants when they were first before it for sentencing and because it had them brought back into open court the next day and emphatically, in their presence, orally made its intention clear, that appellant asserts a premise for his instant Rule 35 motion.

In any consideration of appellant's contention, we think it should be called to mind that the common law practice of oral pronouncement of sentence and recordation thereof by the clerk in his minutes has been changed by the Federal Rules of Criminal Procedure, 18 U.S.C.A. Miller v. Sanford, 161 F.2d 291 (5 Cir., 1947). Further, that the "determination of guilt" in federal criminal procedure now is that the "judgment of conviction" and sentence as provided in Rule 32(b) thereof, "[must] be signed by the judge" before it becomes legally effective. (Cf.) Lott v. United States, 367 U.S. 421, 426, 81 S.Ct. 1563, 6 L.Ed.2d 940 (1960). Hence, after the oral pronouncement of a sentence it is still up to the Court to render a "judgment of conviction" which must "set forth the plea, the verdict or findings, and the adjudication and sentence" and must be "signed by the judge and entered by the clerk" before commitment for a federal offense can take place. Rule 32(b), F.R.Cr.P. 18 U.S.C.A.

■■ True, as contended by appellant, it has long been established, and it is the law now, that the defendant in a criminal case must be personally present "at every stage of the trial * * * and at the imposition of sentence". And it is equally established, as the authorities relied on by appellant sustain,[3] that where a sentencing court has once made manifest its intention as to the terms and sequence of service of sentence at oral pronouncement thereof, the written judgment and commitment must be identical with the oral pronouncement of sentence, and when a District Court so proceeds, and service of sentence has commenced, its sentencing power is exhausted. Cf. United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1931). If there is any difference between the oral pronouncement of sentence and that contained in the written judgment as signed by the Court, then "such error or omission in the *sentence* can only be corrected under Rule 35, and only if the sentence (is) illegal." Nicholson v. United States, 303 F.2d 161, 163 (9 Cir., 1962). But here, as in the Nicholson case, there is no difference between the oral pronouncement of sentence as made in the presence of appellant and that recorded in the "judgment of conviction" as signed by that Court. There is no clerical mistake in that judgment. At most, there is a hiatus in what took place in appellant's presence in his sentencing Court, as shown by the transcript of the proceedings, *ante*, and what was recorded in the "judgment of conviction" as entered by that Court. Such hiatus in the oral pronouncement of appellant's sentence is one that clearly arose " 'from an oversight or omission.' But this was, at best, an oversight or omission in the sentence, not in the judgment" (303 F.2d l. c. 163, supra) and clearly there is no difference between that which happened in appellant's presence at time of sentencing and that which is recorded in the "judgment of conviction, sentence and order of probation" as signed by the District Court in the case at bar. As we said in Young v. United States, 8 Cir., 274 F.2d 698, 700:

> "While the language of the judgment and commitment thus was

3. See: Walden v. Hudspeth, 115 F.2d 558 (10 Cir., 1940); Levine v. Hudspeth, 127 F.2d 982 (10 Cir., 1942), cert. den. 317 U.S. 628, 63 S.Ct. 39, 87 L.Ed. 507;

Hill v. United States, 186 F.2d 669 (10 Cir., 1951); and Duggins v. United States, 240 F.2d 479 (6 Cir., 1957).

"(first) more detailed and precise than that of the pronouncement, it nevertheless was (as the trial court's transcript shows), without any departure, except in its form, from the plain indication of intent, significance and operativeness reflected by the pronouncement in its whole." (Par. added.)

"The Federal Rules of Criminal Procedure were designed to eliminate technicalities in criminal pleading and are to be construed to secure simplicity in procedure." United States v. Debrow, 346 U.S. 374, 376, 74 S.Ct. 113, 98 L.Ed. 92 (1953). At most, the hiatus in appellant's appearances before the District Court in the case at bar resolved an ambiguity in the oral pronouncement of term and sequential service of sentence as specified in the written judgment and commitment signed by the District Court. Such appearances before the District Court were not in any fashion erroneous or prejudicial to any substantial rights of appellant. As said in Payne v. Madigan, supra, 274 F.2d at l. c. 705:.

"In our view written judgments and commitments may properly serve the function of resolving ambiguities in orally pronounced sentences."

Clearly, in the case at bar the District Court intended appellant to be committed to the custody of the Attorney General for a period of three years for escape. The idea of allowing an "escape" sentence to run concurrently with the sentence being served at time of escape therefrom is completely inconsistent with the manifest intentions of appellant's sentencing Court in the case at bar. Cf. Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947); United States v. Brown, 333 U.S. 18, 68 S.Ct. 376, 92 L.Ed. 442 (1948); Greene v. United States, 358 U.S. 326, 329, 79 S.Ct. 340, 3 L.Ed.2d 340 (1959); McDowell v. Swope, 183 F.2d 856 (9 Cir., 1950); United States v. Quinn, 182 F.2d 252 (7 Cir., 1950); Fitzgerald v. United States, 296 F.2d 37 (5 Cir., 1961).

Affirmed.