George Melvin **LUNDQUIST**, Appellant,

v.

**J. C. TAYLOR**, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

**No. 8112.**

United States Court of Appeals
Tenth Circuit.
June 22, 1965.

William G. Walton, Cheyenne, Wyo., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty., Topeka, Kan. (Newell A. George, U. S. Atty., Topeka, Kan., with him on the brief), for appellee.

Before PHILLIPS, PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the United States District Court for the District of Kansas, dismissing appellant Lundquist's petition for a writ of habeas corpus and remanding him to the custody of the appellee warden.

Lundquist, while serving a sentence in an institution designated by the Attorney General, escaped with two other prisoners.[1] They were later charged with conspiracy to commit the crime of escape and with the substantive offense of escape, in violation of 18 U.S.C. § 751. On May 24, 1960, all the defendants were before the court for sentence on their pleas of guilty as charged. Referring to Lundquist, the Court stated:

> "It is adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of three years on Count 4. It is further adjudged that the imposition of sentence on Count 1 be suspended and defendant is placed on probation for the period of three years from the termination of sentence on Count 4."

The judgment and sentence signed by the sentencing court provided that the sentences should run consecutively with those which the defendants were then serving. On the following day the defendants were again brought before the court, at which time the court stated to each of the defendants:[2]

"The Court: The record may so show the statement of counsel for the Government, and to the defendants I will now say this. Each of you defendants is before me so that I may make absolutely clear at what time I intended the sentences which I imposed for escape to begin to run. It was my intention, and I so now state, that I meant to indicate clearly that the three years imprisonment imposed on each of you for escape should naturally follow and be consecutive with and not concurrent with the sentences each of you was serving when you escaped."

It is contended by Lundquist that the judgment and sentence signed by the court is not the sentence as orally pronounced from the bench on May 24, 1960, and that it is, therefore, invalid. It is conceded that if the oral announcement from the bench is the sentence, and if that sentence does not run consecutively with the one which Lundquist was then serving, he has served his sentence and is entitled to his discharge.

This identical question has been presented to the United States District Court for the District of Minnesota by one of Lundquist's co-defendants, Jefferson v. United States, 191 F.Supp. 123, and to the Court of Appeals of the 8th Circuit by the other codefendant, Aga v. United States, 312 F.2d 637. In these cases the proceedings before the trial court are set forth, and in each case it was held that the formal judgment and commitment signed by the sentencing Judge was in accordance with the Court's intention when the oral pronouncement of sentence was made, and was the effective sentence. We agree with these decisions.

Affirmed.

1. The prisoners were confined in the Federal Correctional Institution at Sandstone, Minnesota.

2. Prior to the Court's statement, an Assistant United States Attorney made this request of the Court:

"Your Honor, at this time the Government would ask that the Court express and make clear to these defendants and their attorneys exactly at what time the Court intended its sentence on the escape count in the indictment charging these defendants was intended to begin running."