UNITED STATES of America, Plaintiff-Appellee,

v.

Nimrod T. SOLOMON, Defendant-Appellant.

No. 71–1636.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 29, 1972.

Decided Oct. 30, 1972.

Rehearing Denied Nov. 21, 1972.

an allegedly illegal sentence imposed upon him on May 2, 1970 for several convictions related to the counterfeiting and circulation of United States Treasury Notes in violation of 18 U.S.C. §§ 471–474. After the direct appeal from these convictions was affirmed by this court in United States v. Aloisio, 440 F.2d 705 (7th Cir.), cert. denied, 404 U.S. 824, 92 S.Ct. 49, 30 L.Ed.2d 51 (1971), defendant filed a pro se motion entitled "Motion for Leave to Appeal in Forma Pauperis" which contained many unrelated objections. The district court treated this motion as a request for reduction of sentence under rule 35 of the Federal Rules of Criminal Procedure and denied the motion.[1] Defendant then filed a notice of appeal and had counsel appointed to represent him in this court.

The situation leading to this appeal is as follows. On June 17, 1968 defendant was convicted in case No. 67 CR 360 of the U. S. District Court for the Northern District of Illinois of conspiracy and transportation of forged securities in violation of 18 U.S.C. §§ 371 and 2314. He was sentenced by Judge Alexander J. Napoli to ten years on the substantive count and five years on the conspiracy count, the sentences to run concurrently. On April 24, 1970, defendant was convicted under a separate indictment for counterfeiting, concealing, selling, transferring and receiving U.S. Treasury Notes and was sentenced by Judge Napoli on the following day as follows:

Defendant Solomon ordered committed to the custody of the Attorney General for a period of ten years on Counts 4, 5 and 6 on the indictment and for a period of five years on Count 8 of the indictment. Sentences on Counts 5, 6 and 8 to run concurrently with each other and to run concurrently with

Richard L. Manning, Chicago, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., Gordon B. Nash, Jr., Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before CASTLE, Senior Circuit Judge, and KILEY and SPRECHER, Circuit Judges.

CASTLE, Senior Circuit Judge.

Defendant-appellant Nimrod T. Solomon prosecutes this appeal challenging the refusal of the district court to change

---

1. Rule 35 allows both a reduction of sentence and a correction of illegal sentences:

> The court may correct an illegal sentence at any time. The court may reduce a sentence within 60 days after the sentence is imposed, or within 60 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 60 days after receipt of an order of the Supreme Court denying an application for a writ of certiorari.

The government has conceded the timeliness of the defendant's rule 35 motion and the propriety of this appeal.

the sentence imposed on defendant in this court on June 21, 1968 in cause No. 67 CR 360. Sentence on Count 4 to run concurrently with sentence imposed on Counts 5, 6 and 8 of the indictment and to run consecutively to the sentence imposed on this defendant in this Court on June 21, 1968 in cause No. 67 CR 360.

After discovering that there was "some ambiguity as to what the court intended" in this sentence—that the ten year sentence imposed under Count 4 could not run concurrently with the sentences imposed on Counts 5, 6 and 8 and also consecutively to the sentence imposed in 67 CR 360 at the same time because the sentences on Counts 5, 6 and 8 were to run concurrently with the sentence imposed in 67 CR 360—Judge Napoli called defendant and his counsel back to his court on May 2, 1970 and stated for the record that it was his intention when he originally imposed sentence to give defendant a ten year term that would run consecutively to the sentence he was serving for the securities law violations. Accordingly, he vacated his April 25th sentence and entered the following order:

> Defendant Solomon ordered committed to the custody of the Attorney General for a period of ten years on Counts 4, 5 and 6 of the indictment and for a period of five years on Count 8 of the indictment, all of said sentences to run concurrently with each other and to run consecutively to the sentence imposed on this defendant in this Court on June 21, 1968 in cause No. 67 CR 360.

This new sentence increased defendant's sentence on Counts 5, 6 and 8 of the indictment by making the terms of imprisonment for these counts run consecutively to the 10 year sentence imposed for the earlier securities laws violations in 67 CR 360. It also cleared up the internal contradiction concerning Count 4 of the original sentence by making the ten year term for this count run consecutively to the ten years imposed in 67 CR 360.

Defendant's primary argument on this appeal is that the district court was powerless to clear up the ambiguity [2] in its April 25, 1970 sentence because the subsequent clarification of the court's intent amounted to an increase of the sentence in violation of his fifth amendment protection against double jeopardy. He supports this argument by citing cases which, he contends, show that all ambiguities in sentences should be resolved in favor of the defendant. He applies the "rule" of these cases to his situation to argue that the original sentence of April 25, 1970 should have been construed in his favor so that his total imprisonment for both the forged securities and counterfeit notes convictions would be only ten years.

We reject the contention of the appellant that a district court is so severely limited in correcting or clarifying a sentence that is internally contradictory and that fails to express its intent. The cases which he cites are not based on factual situations similar to the one involved in the instant case and are not controlling. The sentence which the district court corrected on May 2, 1970 did not contain a word capable of more than one interpretation,[3] was not absolutely silent as to whether it was to be served concurrently or consecutively,[4]

---

2. Referring to the original sentence imposed upon the defendant as being "ambiguous" is somewhat inaccurate, for ambiguity usually implies a sentence "capable of being understood in two or more possible senses." *See, e. g.* Webster's Seventh Collegiate Dictionary 28 (1965). Here there were no possible interpretations of the court's intent, since any interpretation would directly contradict the language of the sentence.

3. Ziebart v. Hunter, 177 F.2d 847 (10th Cir. 1949), Subas v. Hudspeth, 122 F.2d 85 (10th Cir. 1941), Hode v. Sanford, 101 F.2d 290 (5th Cir. 1939). These cases seek to determine the intent of the district judge when he passed sentence.

4. Schultz v. United States, 384 F.2d 374 (5th Cir. 1967), Puccinelli v. United States, 5 F.2d 6 (9th Cir. 1925), United States v. Patterson, 29 F. 775 (C.C.D.

and did not contain any variations between its oral pronouncement and written record.[5] Instead, both the oral pronouncement and written record of this sentence, standing separately or together, were internally contradictory and thwarted any attempt to discern the intent of the sentencing judge. As such, this sentence clearly violated the maxim of United States v. Daugherty[6] that "[s]entences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them." Because of this defect, we find that the portion of the sentence rendered on April 25, 1970 relating to Count 4 of the indictment was illegal within the meaning of rule 35 of the Federal Rules of Criminal Procedure,[7] and that the district court had power under this rule to correct this portion of the sentence.

■ At least two circuit courts, including our own, have recognized the power of a district court to vacate and correct a sentence under rule 35 when the sentence is incapable of interpretation. In United States v. Martin, 467 F.2d 1366 (7th Cir. 1972), a defendant convicted of a passport violation was sentenced to six months probation subject to the condition that he leave the United States within 60 days. Defendant did leave the country, but returned about a month later, and was convicted of violating the terms of his probation by returning before the six months had passed. On appeal, this court held that

the original sentence was ambiguous because it did not specify the length of time defendant was to stay out of the country to satisfy the terms of his probation. Although recognizing that "the prisoner is entitled to have the language in the pronouncement [of sentence] construed most favorable to him," this court remanded the case for resentencing that would clarify the intent of the sentencing judge because "the terms and conditions of the original probation were sufficiently ambiguous as to be of no effect." Id. at 1369. The sentence in the instant case was sufficiently ambiguous so that it was of no effect when the court corrected it on May 2, 1970. In Scarponi v. United States, 313 F.2d 950 (10th Cir. 1963), where it was impossible to tell from the pronouncement of sentence whether it was to run consecutively to either the first or second of two sentences previously imposed, the court explained the reach of rule 35:

It would seem that under either concept of the scope of Rule 35, a sentence which is by its terms ambiguous with respect to the time and the manner in which it is to be served, is "illegal," hence correctible "at any time." Surely Rule 35 can serve no more useful purpose than to authorize the Court to clarify any ambiguity in its judgments, to the end that they shall be served strictly in accordance with their terms. We think Rule 35 was historically intended to serve this very salutary purpose.

N.J.1887). These cases hold that when a judgment is silent as to whether a sentence should be served concurrently or consecutively to a sentence previously imposed, the presumption is that the latter sentence should be served concurrently. This rule, however, has been seriously eroded by United States v. Wenger, 457 F.2d 1082 (2d Cir. 1972), which held that, despite the fact that the sentence failed to specify whether it was to run concurrently or consecutively with a sentence imposed six months earlier, the sentence would run consecutively because the defendant himself apparently understood that the sentences were to run consecutively. "To insist upon application of the concurrent sentence presumption . . . ,"

the court concluded, "would be to indulge in sheer ritual." Id. at 1086.

5. Gaddis v. United States, 280 F.2d 334 (6th Cir. 1960), which says that the written record of judgment cannot clear up any omissions in the oral pronouncement of sentence, has been undercut by Lundquist v. Taylor, 347 F.2d 369 (10th Cir. 1965), Aga v. United States, 312 F.2d 637 (8th Cir. 1963), and Nicholson v. United States, 303 F.2d 161 (9th Cir. 1962).

6. 269 U.S. 360, 363, 46 S.Ct. 156, 157, 70 L.Ed. 309 (1926).

7. The text of this rule appears in footnote one, *supra*.

*Id.* at 953. *See also,* Montgomery v. United States, 134 F.2d 1 (8th Cir. 1943), Downey v. United States, 67 App.D.C. 192, 91 F.2d 223 (1937), Bellam v. State, 233 Md. 368, 196 A.2d 891 (1964), State v. Fisher, 115 N.J.Super. 373, 279 A.2d 885 (1971). We hold that the district court had the power to correct its sentence of April 25, 1970, which, because of its internal contradiction concerning the term of imprisonment for Count 4, was illegal and of no effect.[8]

██ We also find that the district court properly exercised its power to correct the illegal sentence and to clarify its original intent by recalling the defendant and his counsel into his courtroom, explaining his reasons for clarifying the sentence, and granting defendant a chance to respond. Although there may be some controversy over the proper procedures for clarifying an ambiguous sentence years after it has been rendered,[9] here the vacation of the illegal sentence and the imposition of the corrected version occurred within a few days after the illegal sentence was originally imposed, and the correction on Count 4 was in accord with what the record shows was the sentencing judge's actual intent.[10]

For the above reasons, the judgment of the district court denying defendant relief under rule 35 as to the sentence it imposed upon him on May 2, 1970 is affirmed.

Affirmed.

8. The vacation of a sentence which is illegal and of no effect and the imposition of a new legally sufficient sentence does not violate a prisoner's fifth amendment protection against double jeopardy. Bozza v. United States, 330 U.S. 160, 165–167, 67 S.Ct. 645, 91 L.Ed. 818 (1947).

9. *See, e. g.,* Bledsoe v. Johnston, 154 F.2d 458 (9th Cir. 1946), Montgomery v. United States, 134 F.2d 1 (8th Cir. 1943), Downey v. United States, 67 App. D.C. 192, 91 F.2d 223 (1937).

10. We find that the sentences on Counts 5, 6 and 8 were increased by the resentencing

on May 2, 1970, but that the defendant was not prejudiced thereby because of our holding that the 10 year sentence imposed for Count 4 to run consecutively with the sentence in 67 CR 360 was valid. Moreover, the conviction of the defendant on all four counts has already been affirmed in United States v. Aloisio, 440 F.2d 705 (7th Cir.), cert. denied, 404 U.S. 824, 92 S.Ct. 49, 30 L.Ed.2d 51 (1971).