614 F.2d 171
 UNITED STATES of America, Appellee,
v.
Hershey MOSS, Appellant.
 No. 79-1584.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 5, 1979.
Decided Jan. 23, 1980.
 
 David C. Godfrey, Clayton, Mo., for appellant.
 Terry I. Adelman, Asst. U. S. Atty., St. Louis, Mo., argued, Robert D. Kingsland, U. S. Atty., St. Louis, Mo., on brief, for appellee.
 Before GIBSON, Chief Judge,* LAY and McMILLIAN, Circuit Judges.
 LAY, Circuit Judge.
 
 
 1
 Hershey Moss appeals an order, entered pursuant to motion under Rule 35 of the Federal Rules of Criminal Procedure, that modified his sentence. Moss initially was convicted on all 19 counts of an indictment that included seven counts of mail fraud in violation of 18 U.S.C. § 1341 and 11 counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2. He was also convicted on the charge in count 1, conspiracy to kidnap for the purpose of murder in violation of 18 U.S.C. § 1201. The mail and wire fraud counts were based upon Moss's attempt to procure an insurance policy on the life of his intended victim. On an earlier appeal, judgments of conviction on counts 2 through 19 were affirmed; the judgment on count 1 was reversed and remanded with the direction to enter judgment of acquittal. United States v. Moss, 591 F.2d 428 (8th Cir. 1979). This court found the evidence insufficient to show an agreement between Moss and any other person to commit murder. We stated that in view of the fact that the life sentence given on count 1 had been set aside, the propriety of consecutive sentences for separate mail and wire fraud offenses that arose out of essentially a single scheme should be reconsidered by the district court in a Rule 35 proceeding. Id. at 438.
 
 
 2
 On Moss's Rule 35 motion, the district court ordered each of the two year terms on the mail fraud counts, 2 through 7 and 16, to run concurrently with one another. In addition, the court ordered the two year term on count 8, a wire fraud count, to run concurrently with the sentences on all the above counts. The court thereafter ordered the two year sentences on the remaining nine counts, 9 through 15 and 17 through 19, to run consecutively to each other and that imposed on count 8, but concurrently with the sentences on counts 2 through 7 and 16. Execution of the two year sentence on count 10 was suspended and Moss was placed on probation for five years following his incarceration. The district court concluded its order by stating: "The aggregate term of imprisonment herein imposed on Counts 2 through 9 inclusive and 11 through 19 inclusive is twenty (20) years."
 
 
 3
 On appeal, Moss asserts the entire sentence is ambiguous and unclear so as to cause confusion to the United States Bureau of Prisons, and therefore is void and illegal. He urges the sentence as formulated by the district court imposes two year terms of imprisonment on counts 9 through 15 and 17 through 19 that run both concurrently with and consecutively to two year terms imposed on counts 2 through 8 and 16, and the court thereby increased twofold the two year terms originally imposed on each of counts 9 through 15 and 17 through 19. Moss also argues the sentence formulation results in an aggregate sentence that exceeds the maximum allowable by statute. Finally, he contends the court illegally imposed consecutive sentences for offenses that arose out of a single scheme.
 
 
 4
 The parties have prepared charts of the sentences which illustrate their understanding of the term of imprisonment imposed on each count:
 
 
 5
 Count of Term of
Indictment Imprisonment Government Defendant
---------- ---------------------------- ---------- ---------
 2 2 years-(per original
 sentence) 2 years 2 years
 3 2 years-concurrent to 2 2 years 2 years
 4 2 years-concurrent to 2, 3 2 years 2 years
 5 2 years-concurrent to
 2, 3, 4 2 years 2 years
 6 2 years-concurrent to
 2, 3, 4, 5 2 years 2 years
 7 2 years-concurrent to
 2, 3, 4, 5, 6 2 years 2 years
 16 2 years-concurrent to
 2, 3, 4, 5, 6, 7 2 years 2 years
 8 2 years-concurrent to 2,
 3, 4, 5, 6, 7, 16 2 years 2 years
 9 2 years-consecutive to
 8 & concurrent to k k
 2-7 & 16 2 years 4 years
 11 2 years-consecutive to
 8, 9 and concurrent k k
 to 2-7 & 16 2 years 6 years
 12 2 years-consecutive to
 8, 9, 11 &
 concurrent to k k
 2-7 & 16 2 years 8 years
 13 2 years-consecutive to
 8, 9, 11, 12 &
 concurrent to 2-7 k k
 & 16 2 years 10 years
 14 2 years-consecutive to
 8, 9, 11, 12, 13 &
 concurrent to 2-7 k k
 & 16 2 years 12 years
 15 2 years-consecutive to 8,
 9, 11, 12, 13, 14
 & concurrent to k k
 2-7 & 16 2 years 14 years
 17 2 years-consecutive to
 8, 9, 11, 12, 13,
 14, 15 & concurrent k k
 to 2-7 & 16 2 years 16 years
 18 2 years-consecutive to
 8, 9, 11, 12, 13,
 14, 15, 17 & k k
 concurrent to 2-7 & 16 2 years 18 years
 19 2 years-consecutive to 8,
 9, 11, 12, 13, 14,
 15, 17, 18 &
 concurrent to 2-7 k k
 & 16 2 years 20 years
 ---------- ---------
 20 years 110 years
 10 2 years-consecutive to 8,
 9, 11, 12, 13, 14, 15, 17,
 18, 19 & concurrent to 2-7
 & 16; execution of
 sentence suspended and
 defendant placed on
 probation for five (5)
 years to commence at
 completion of sentence on
 2-9 & 11-19.
 
 
 6
 Although this court has recommended use of concurrent terms of imprisonment for mail fraud convictions when a multiple count indictment involves a single scheme or course of conduct, we nonetheless have refused to hold that imposition of consecutive sentences, even when each of the separate offenses arose from a single concerted plan to defraud, constituted an abuse of discretion. As we stated in United States v. Calvert, 523 F.2d 895 (8th Cir. 1975), Cert. denied, 424 U.S. 911, 96 S.Ct. 1106, 47 L.Ed.2d 314 (1976):
 
 
 7
 The defendant's final contention is that the forty-five-year sentence imposed by the court was excessive. He urges that, since he was convicted of only one scheme or course of conduct, the sentence should be vacated and remanded with instructions to the court to resentence the defendant to a total term not in excess of the five-year maximum for violation of the mail or wire fraud statutes. This contention is utterly without merit.
 
 
 8
 It is well settled that each use of the mails is a separate offense under the mail fraud statute, notwithstanding the fact that the defendant may have been engaged in one fraudulent scheme. The same is true of the use of wires under the wire fraud statute. . . . The defendant was convicted of twelve counts, each of which carried a maximum possible punishment of five years imprisonment. Hence, his forty-five-year sentence was well within the statutory maximum.
 
 
 9
 Id. at 913-14 (citations omitted).
 
 
 10
 See also United States v. Dace, 502 F.2d 897, 898-99 (8th Cir. 1974) (Lay, J., dissenting), Cert. denied, 419 U.S. 1121, 95 S.Ct. 803, 42 L.Ed.2d 820 (1975). We hold Moss's sentence, if otherwise valid, is not illegal as excessive.
 
 
 11
 The challenge to the sentence on grounds of ambiguity is more serious. Moss was originally sentenced to a life term on count 1 and consecutive two year terms on each of the other 18 counts, to be served concurrently with the life term. The district court modified Moss's original sentences on counts 2 through 8 and 16 to run concurrently with each other. However, the challenge is that the court has increased the terms imposed on counts 9 through 15 and 17 through 19 by at least two years each. Although the district court expressed its general intent by the final statement in its order, that the aggregate sentence was a total of 20 years, we agree with Moss that the specific sentences set forth for each individual count are ambiguous and should be corrected. As Moss urges, the district court could be plausibly interpreted as having ordered that, commencing with count 11, the sentence on each count thereafter would run consecutively to the sentence on each of the counts preceding it. Thus the sentence on count 11, for example, would be two years consecutive to the two year sentence on count 8, and also consecutive to the two years for count 9; because the sentence on count 9 is already to be served consecutively to that on count 8, a possible interpretation of the sentence imposed under count 11 would be a six year term. The same reading is plausible for each sentence on each count thereafter, so that on count 12 it would appear that the defendant would serve eight years, and on count 13 the defendant would serve 10 years, and so on, until there would be a total of 110 years in prison plus the five years probation.[1]
 
 
 12
 In addition to the above ambiguity, there exists an apparent inconsistency within the wire fraud sentences, beginning with the sentence for count 9. Each two year sentence on the wire fraud counts shows that it is to be served concurrently with the two year sentences on counts 2 through 7 and 16, and At the same time, beginning with count 9, consecutively to the sentence on each count preceding it. Yet the court indicated the sentences on each of the wire fraud counts are to run concurrently with the sentences on counts 2 through 7 and 16. Thus, an apparent internal contradiction arises. See United States v. Solomon, 468 F.2d 848, 850-52 (7th Cir. 1972), Cert. denied, 410 U.S. 986, 93 S.Ct. 1513, 36 L.Ed.2d 182 (1973). For example, because the two year sentence on count 9 is concurrent with, that is, runs at the same time as, the sentences on counts 2 through 7 and 16, and those two year sentences in turn are concurrent with or run at the same time as the two year sentence on count 8, the sentence on count 9 in effect runs concurrently with that imposed on count 8; it will run during the same time period. Obviously, it cannot simultaneously be consecutive to count 8, that is, begin to run when the sentence on count 8 is completely served. It is thus impossible to tell if the term imposed on count 9, or any of the other wire fraud counts, was intended to be concurrent with or completely served at the time the terms imposed on counts 2 through 8 and 16 would be served, was intended to be served consecutively, after the terms on counts 2 through 8 and 16, or as Moss argues, was a four year term. Although it was probably unintended, in the latter event the district court may have impermissibly increased twofold the sentence on valid convictions remaining after sentence on another count was declared invalid. See United States v. Durbin, 542 F.2d 486, 487-88 (8th Cir. 1976); United States v. Turner, 518 F.2d 14, 15 (7th Cir. 1975); Chandler v. United States, 468 F.2d 834, 835 (5th Cir. 1972); United States v. Welty, 426 F.2d 615, 618 (3d Cir. 1970).[2]
 
 
 13
 It is the obligation of the sentencing court to express a sentence in clear terms, so as to "reveal with fair certainty" its intent and "exclude any serious misapprehensions by those who must execute them." United States v. Daugherty, 269 U.S. 360, 363, 46 S.Ct. 156, 157, 70 L.Ed. 309 (1926). The susceptibility to various interpretations and the internal self-contradiction of this sentence renders it ambiguous so as to require resentencing. See, e. g., United States v. Solomon, 468 F.2d 848 (7th Cir. 1972), Cert. denied, 410 U.S. 986, 93 S.Ct. 1513, 36 L.Ed.2d 182 (1973). The court's general statement, that the aggregate term on counts 2 through 9 and 11 through 19 is 20 years, in light of the internal contradiction in the specific sentences on each count, does not obviate the need for resentencing.[3]
 
 
 14
 In order to protect Moss's rights and insure he is fully aware of the effect of the sentence, and in light of the possibility the sentences may be so self-contradictory as to be void, Moss should appear personally and be resentenced. Id. at 852; Cf. Mayfield v. United States, 504 F.2d 888, 889 (10th Cir. 1974); Fed.R.Crim.P. 43.[4]
 
 
 15
 The sentence is ordered vacated and the case remanded to the district court for resentencing.
 
 
 
 *
 The Honorable Floyd R. Gibson was Chief Judge of the Eighth Circuit at the time this case was submitted and took senior status on December 31, 1979, before the opinion was filed
 
 
 [1]
 If the court intends the sentence on each of these counts to run consecutively to the one immediately preceding it, rather than to all counts preceding it from count 8 on, it should simply state (as count 9 does) that the sentence is consecutive to the sentence on the count preceding it and only that count
 
 
 [2]
 Assuming the court intended the sentence on count 9 to be served consecutively to the two year concurrent sentences previously imposed, and the sentence on each count thereafter, (11-15, 17-19), to be served consecutively to the earlier one, it could simply state after each sentence that it is consecutive to the one preceding it, without additional language
 
 
 [3]
 Even if the statement were construed as a general sentence, it could not cure inconsistencies in specific sentences, which are more precise and preferable to a general sentence. See Peoples v. United States, 412 F.2d 5, 7 (8th Cir. 1969). If subsequent relief were ever granted on individual counts in post-conviction proceedings, the added difficulty caused by the "general sentence" serving to express the aggregate term can easily be perceived. Cf. United States v. Moynagh, 566 F.2d 799, 805 (1st Cir. 1977), Cert. denied, 435 U.S. 917, 98 S.Ct. 1475, 55 L.Ed.2d 510 (1978)
 
 
 [4]
 As Moss sought to overturn his convictions on the counts in question, See North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and in any event because the sentence here is so ambiguous as to be illegal, double jeopardy will not bar resentencing. See Bozza v. United States, 330 U.S. 160, 166-67, 67 S.Ct. 645, 91 L.Ed. 818 (1947); United States v. Durbin, 542 F.2d 486, 488 (8th Cir. 1976); United States v. Solomon, 468 F.2d 848, 852 n. 8 (7th Cir. 1972), Cert. denied, 410 U.S. 986, 93 S.Ct. 1513, 36 L.Ed.2d 182 (1973)