UNITED STATES of America, Appellee,

v.

John Edward FAUST, Appellant.

No. 81-2274.

United States Court of Appeals, Eighth Circuit.

Submitted May 20, 1982.

Decided June 14, 1982.

---

Richard L. Johnson, Sioux Falls, S. D., for appellant.

Philip N. Hogen, U. S. Atty., John J. Ulrich, Asst. U. S. Atty., Sioux Falls, S. D., for appellee.

Before LAY, Chief Judge, McMILLIAN, Circuit Judge, and BECKER,* Senior District Judge.

LAY, Chief Judge.

This is an appeal from the revocation of Faust's probation. The central issue is the validity of the district court's correction of its order reducing Faust's original sentence. On May 22, 1980, John Edward Faust pleaded guilty to obstruction of correspondence. See 18 U.S.C. § 1702. The district court, the Honorable Fred J. Nichol presiding, sentenced Faust to three years imprisonment. Faust subsequently moved to reduce his sentence under Fed.R.Crim.P. 35(b). On December 5, 1980, in response to this motion, the court ordered:

> The sentence of John Edward Faust, the defendant above-named, for a term of three (3) years in the Federal Penitentiary, is hereby commuted to time served effective Friday, December 19, 1980. On that date, defendant's incarceration period shall end.

> IT IS FURTHER ORDERED that the defendant shall be placed on probation for the remainder of the three (3) year sentence imposed by this Court and filed with the Clerk of Federal District Court on May 22, 1980.

The standard conditions of probation were imposed at this time. On February 19, 1981, at his request, Faust entered a halfway house in Denver, Colorado to secure treatment for alcoholism. He was later discharged due to unacceptable behavior. On March 27, 1981, he was transferred to a second halfway house in Denver. On April 15, 1981, Faust left the halfway house without notifying the staff or his probation officer. He went to California, to the residence of his ex-wife; he did not contact his proba-

---

* William H. Becker, Senior District Judge, West-ern District of Missouri, sitting by designation.

tion officer. A petition to revoke probation was filed and on April 27, 1981, the district court issued a warrant for Faust's arrest. In early September of 1981, Faust was arrested in California.

On November 2, 1981, the district court amended its original reduction of sentence of December 5, 1980, *nunc pro tunc*. The amended order states:

The sentence of John Edward Faust, the defendant above-named, for a term of three (3) years in the Federal Penitentiary, imposed on May 22, 1980 is to be reduced as follows: The further execution of the 3 year sentence is suspended as of December 19, 1980 and the defendant is placed on probation for a period of 30 months.

A probation revocation hearing was held on the same day and the court revoked Faust's probation and ordered him to serve the remainder of his original sentence.

Faust appeals from the revocation order, challenging the court's power to amend the original order and arguing the court abused its discretion in revoking his probation. He urges that the intent of the original sentence was to *reduce* his sentence to the time served and that its terms placing him on probation should be deemed surplusage.

Under Fed.R.Crim.P. 35(a), the district court may correct a sentence at any time if the sentence is illegal. Faust urges the original order legally *reduced* his sentence to time served. He cites the phrase, "commuted to time served," and the court's order that on December 19, 1980, "defendant's incarceration period shall end."

In *United States v. Daugherty*, 269 U.S. 360, 363, 46 S.Ct. 156, 157, 70 L.Ed. 309 (1926), the Supreme Court stated, "Sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them." Several courts of appeal have held that a sentence which is sufficiently ambiguous so that it cannot be executed, is illegal and thus correctable under Rule 35(a). *See United States v. Solomon*, 468 F.2d 848 (7th Cir. 1972), *cert. denied*, 410 U.S. 986, 93 S.Ct.

1513, 36 L.Ed.2d 182 (1973); *Scarponi v. United States*, 313 F.2d 950, 953 (10th Cir. 1963); *cf. United States v. Moss*, 614 F.2d 171, 174–76 (8th Cir. 1980) (vacating sentence).

■ Faust contends that the original sentence was not illegal and that the plain meaning of the court's order was to *reduce* his sentence to time served. However, Faust ignores the imposition of probation also contained in the original reduction order. Probation involves conditional suspension of punishment. Probation must be combined with a suspended sentence or deferral of sentencing. Thus the grant of probation contradicts Faust's interpretation of the order. The conjunction of the phrases cited by Faust and the grant of probation renders the order impermissibly ambiguous. Thus, the district court quite properly corrected the sentence under Rule 35(a).

■ We are cognizant of the danger that ex post facto clarification of sentences may render meaningless prisoners' right to have the language of their sentences construed in their favor. *See, e.g., United States v. Martin*, 467 F.2d 1366, 1369 (7th Cir. 1972); *Gaddis v. United States*, 280 F.2d 334, 336 (6th Cir. 1960). But when the language of a sentence is not simply subject to varying interpretations, but rather is internally contradictory, the trial court may correct the sentence.

Faust also contends that the district court abused its discretion in deciding to revoke his probation. Faust concedes that he violated the conditions of his probation, but argues the violations were not serious, he had good reasons for violating the conditions, and further confinement is unnecessary and unwise.

■ The decision to revoke probation does not rest purely on factual determinations, but also requires prediction and thus is necessarily discretionary. *See United States v. Burkhalter*, 588 F.2d 604, 606–607 (8th Cir. 1978). The facts constituting this case provide ample grounds for the district

court's decision to revoke Faust's probation.[1]

We affirm the district court's order.

1. Under our earlier ruling in *United States v. Colvin*, 644 F.2d 703, 705–707 (8th Cir. 1981), the district court may, within 120 days from the date of revocation of probation or from the issuance of the mandate of this court, modify the sentence under Rule 35(b). Faust strongly urges that the circumstances merit reconsideration of his sentence. Modification may be based upon petitioner's good conduct in prison as well as other mitigating factors (such as Faust's own request to receive alcohol treatment).