[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10117
Non-Argument Calendar

_____

D.C. Docket No. 8:19-cr-00039-VMC-CPT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO MORALES RIVERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 8, 2020)

Before JORDAN, NEWSOM, and LAGOA, Circuit Judges.

PER CURIAM:

Armando Morales Rivera appeals his 205-month total sentence after pleading guilty to two counts of Hobbs Act robbery (Counts One and Three) and two counts of brandishing a firearm during a crime of violence (Counts Two and Four).  On appeal, he argues that the sentence imposed exceeds the statutory maximum because it requires him to serve two sentences on Count Two of his indictment.  After reviewing the record and applicable law, we disagree and affirm.

We review the legality of a sentence *de novo*.  *See United States v. Prouty*, 303 F.3d 1249, 1251 (11th Cir. 2002).  If a party does not raise an objection to a sentence before the district court, we review only for plain error.  *See United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir. 2014).  Under plain error review, the appellant must show "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." *Id.* at 822.

Mr. Rivera pled guilty to the first four counts of his indictment pursuant to a written plea agreement.  Before sentencing, the probation office prepared a presentence report, which indicated that Counts One and Three each carried a statutory maximum term of imprisonment of 20 years and that Counts Two and Four each carried a minimum term of imprisonment of seven years and a maximum term of life, to be served consecutively to Counts One and Three.  The advisory guidelines range for Counts One and Three was 37 months to 46 months.

2

At the sentencing hearing, without any objections from the parties, the district court announced the applicable statutory provisions and advisory guidelines reflected in the report.  The court confirmed with the probation officer at the hearing that the two seven-year terms for Counts Two and Four could not be served concurrently and that a combined 168 months had to be imposed on those counts.  The court then calculated that, adding those 168 months to a sentence at the bottom of the guidelines range for Counts One and Three—37 months for each, to be served concurrently—would yield a total term of imprisonment of 205 months.

After hearing from the parties, the court imposed the total term of imprisonment requested by the government—205 months, consisting of a "37-month term as to Counts One and Three; a 7-year term as to Count Two, to be served consecutively with all other counts; and a 7-year term to Count Four, to be served consecutively with all other counts."  D.E. 78 at 15:1–15.  The court later issued a judgment consistent with the 205-month sentence imposed at the hearing.

Mr. Rivera argues that the sentence imposed exceeds the statutory maximum because the judgment requires him to serve the sentence on Count Two "consecutively with all other counts," which results in his serving two seven-year sentences on Count Two—after serving concurrent 37-month sentences on Counts One and Three, he would serve 84 months on Count Two, 84 months on Count Four,

and then another 84 months on Count Two. This is not a fair reading of the judgment and is at odds with the demonstrated intent of the district court.

Mr. Rivera did not object to his sentence on the ground that it exceeded the statutory maximum penalty. We therefore review his sentence for plain error. *See United States v. Smith*, 532 F.3d 1125, 1129 (11th Cir. 2008).[1]

A criminal sentence "should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them." *United States v. Daugherty*, 269 U.S. 360, 363 (1926). *See also United States v. Meester*, 762 F.2d 867, 885 (11th Cir. 1985). "In determining the terms of a sentence, the intent of the sentencing judge is controlling and that intent is ascertained by reference to the entire record." *Id.* (citing *United States v. Purcell*, 715 F.2d 561, 563 (11th Cir. 1983)).

It is abundantly clear to us from the sentencing hearing transcript and the judgment that the district court intended to impose a 205-month total sentence—37 months for each of Counts One and Three to run concurrently, 84 months for Count Two to run consecutively, and 84 months for Count Four to run consecutively. Insisting that his sentence is unlawful, Mr. Rivera relies primarily on an Eighth

---

[1] Mr. Rivera objected to the sentence on substantive reasonableness grounds. To preserve an objection, however, a defendant must "clearly articulate a specific objection during sentencing." *United States v. Zinn*, 321 F.3d 1084, 1088 (11th Cir. 2003) (emphasis removed). Because Mr. Rivera did not argue or raise an objection that the sentence exceeded the statutory maximum, plain error review is appropriate.

Circuit decision in which there were a number of inconsistencies and contradicting interpretations of the sentence, which rendered the sentence void and spurred our sister circuit to vacate and remand for resentencing. *See* Br. of Appellant at 7–12 (citing *United States v. Moss*, 614 F.2d 171, 172, 174–76 (8th Cir. 1980)). But no such ambiguities are present here. The phrase "consecutively with all other counts" is clear in context. And the plain language of the judgment that the total term of imprisonment was 205 months, together with the district court's statements to the same effect at the sentencing hearing, removed any uncertainty as to the sentence to be imposed.

For these reasons, we conclude that the district court did not commit any error, much less plain error, and we affirm the sentence imposed.

**AFFIRMED.**